JOURNAL ENTRY AND OPINION
{¶ 1} Iram Molina appeals from a sentence imposed by Judge Burt Griffin after he pleaded guilty to possession of drugs[1] and sentenced to six months' imprisonment, and guilty to a separate count of possession of drugs[2] and sentenced to a consecutive sentence of four years of community control sanctions. He claims that the judge failed to make the necessary findings for consecutive sentences, and that his rights against double jeopardy were violated when he was sentenced twice for the same crime. We disagree and affirm but remand for correction of journal entries.
 {¶ 2} From the record we glean the following: In January 2001, police officers, patrolling in a zone car in the area of W. 38th Street and Denison Avenue, saw a speeding car, followed it until it backed into a driveway on W. 33rd Street, and positioned their car to block any exit. When the officers approached the car, it sped out of the driveway and the zone car gave chase until the car hit a guardrail. Although the driver ran from the car, three passengers were arrested, including Molina. When Molina was searched, five individually wrapped bags of suspected marijuana were found on his person. A search of the car revealed a large plastic bag containing 116 individually wrapped rocks of suspected crack cocaine in the front-left side of the car and a small bag with 26 rocks in the rear seat.
 {¶ 3} The forensic lab determined that the drugs contained 18.53 grams of cocaine, and Molina was indicted on one count of possession of crack cocaine in an amount equal to or exceeding ten grams but less than twenty-five grams,[3] and one count of drug trafficking in an amount equal to or exceeding ten grams but less than twenty-five grams,[4] in CR-406690.[5]
 {¶ 4} Four months after his initial arrest,[6] Molina was again arrested at a Strongsville hotel in May 2001. Officers came to execute an arrest warrant and, after seeing his car in the parking lot, saw a man fitting his description walking out of room 126. When the police asked that man his name, Molina identified himself and was arrested. The police then knocked on the door of room 126, gained entry and found Molina's brother, Anthony, and Naomi Garcia, both of whom were wanted on active warrants. Anthony Molina ultimately showed police where three bundles of small blue bags containing white powdery substances, known as "speedballs," were located, and further searching revealed an electronic scale with white residue, a bag of rubber bands, and a box of plastic sandwich bags. Police also found razor blades, a small knife with white residue, various pills wrapped in a car registration with Molina's name on it, and $13,792 in cash.
 {¶ 5} Molina was then indicted on one count of drug trafficking in an amount greater than five grams but less than ten grams[7] with a juvenile specification, one count of drug possession of cocaine in an amount greater than five grams but less than twenty-five grams,[8] and one count of possession of criminal tools in CR-408701.[9]
 {¶ 6} In CR-406690, he pleaded guilty to the amended charge of drug possession of crack cocaine in an amount equal to or exceeding one gram but less than five grams,[10] with all other charges dismissed; and, in CR-408701, he pleaded guilty to the amended charge of possession of cocaine in an amount less than five grams, with all remaining charges dismissed.[11]
 {¶ 7} When Molina failed to appear for sentencing, a warrant was issued. In December 2002, Molina was arrested by Texas authorities and was extradited to Ohio. He was sentenced to six months in prison for case number CR-406690, and to a consecutive sentence of four years of "probation" with intensive supervision, with up to a year in prison "if it doesn't work out," in case number CR-408701.[12]
 {¶ 8} After serving his prison sentence, Molina was returned to the county jail.[13] In court, the judge reminded him that he was going to be under the "supervision of the intensive supervision program" for four years, that he would have to pay court costs, that there were ways to cut down the supervision to one year, and if he violated the terms of his "probation" he could be sent to the penitentiary for another year. When Molina's lawyer challenged the jurisdiction of the judge to impose any further conditions of probation and suggested, in light of what he viewed as the imposition of consecutive sentences, that the judge make findings under R.C. 2929.14(E), the judge made findings and gave reasons for the imposition of consecutive sentences. The instant appeal followed on the assignments of error as set forth in Appendix A.
 JURISDICTION {¶ 9} Molina did not appeal from the February 2003 order imposing both a prison term and community control sanctions during the single sentencing hearing on his two cases. In his appeal from the June 2003 judgment entry,[14] he challenges what he characterizes as a sentencing or a "further sentencing," or a "consecutive sentence." He contends that the judge failed to make the requisite findings and reasons to support such consecutive sentences.
 {¶ 10} We have held, in State v. Aiatakens,[15] that R.C. 2929.13(A) provides the judge with the discretion to find community control sanctions appropriate for one offense, while a prison term would be appropriate for a separate offense, and make such sentences consecutive.
 {¶ 11} Additionally, only when a judge imposes consecutive terms of imprisonment is he required to provide the findings and reasons mandated by R.C. 2929.14. During Molina's sentencing hearings, and at the request of Molina's lawyer during the second hearing, the judge, although not required to do so, delineated reasons for imposing the community control sanctions. If Molina is appealing the consecutive nature of his sentences, we have no jurisdiction over that issue because he failed to appeal the February 2003 order or obtain leave to file a delayed appeal.[16] The first assignment of error is dismissed.
 THE JUNE HEARING AND JUDGMENT ENTRY {¶ 12} We look at Molina's contention that the June hearing put him in double jeopardy because he was being sentenced and punished twice for the same crime. Although he cites no facts in support of this contention, it appears that he claims that he was given both a term of imprisonment and community control sanctions for the same crime but fails to advise us about which of his two crimes he is being doubly punished.
 {¶ 13} The Ohio Supreme Court set forth four factors to consider when reviewing claims of double jeopardy: (1) whether there was a prior prosecution in the same state for the identical offense; (2) whether the same person was charged relative to the first prosecution; (3) whether the same parties were involved in both prosecutions; and (4) whether the first offense prosecuted was of such a nature as to constitute a bar to the successive prosecution.[17]
 {¶ 14} It is clear that the principles of double jeopardy are not applicable because Molina did not receive multiple sentences and, therefore, multiple punishments for the same offense. Although both indictments contain drug-related charges, the charged offenses took place four months apart and he pleaded guilty to felonies of different degrees on two cases. In addition, he cannot and has not shown a reasonable belief that no further charges would be filed after he pleaded guilty in CR-406690 and CR-408701.
 {¶ 15} We note, however, the absence of any basis for issuing a holder that transferred Molina's confinement to the county jail after he had completed his six-month prison sentence. It is not a term in jail or part of a combination of community control sanctions authorized by R.C. 2929.16(A). There is nothing in the record indicating the time he spent in jail before the June 20, 2003 hearing. At the hearing, the judge merely reminded him that he was under four years of intensive supervision and the penalty for any violation, and gave him some unidentified document along with the name of his probation officer and ordered him released from jail.
 {¶ 16} Contrary to the February 2003 journal entry, the record does not reveal that any "additional conditions of community control sanctions" were pronounced or imposed terms at that June hearing. Contrary to the June journal entry, the record does not reveal that any "further conditions of community control sanctions" were imposed, except for the imposition of supervision fees which were not pronounced during any sentencing.
 {¶ 17} The only conclusion that can be drawn from having Molina jailed after he served his prison term is that it was to ensure that he would contact the county probation department and understand the terms of its supervision because the judge did not believe he would voluntarily comply after his prison term was completed.
 {¶ 18} Because we are unable to define the relationship between this jail time/holder and four years of community control sanctions, it does not appear to be double jeopardy and this assignment of error has no merit.
 {¶ 19} Judgment affirmed and cause remanded for correction of journal entries consistent with this opinion.
 APPENDIX A: "I. The trial court erred by ordering appellant to serve aconsecutive sentence without making the appropriate findingsrequired by R.C. 2929.14(e)(4)."
 "II. Appellant's rights against double jeopardy under the Ohioconstitution and the United States constitution were violatedwhen he was sentenced and punished twice for the same crime."
 Calabrese Jr., J., concurs.
 Cooney, J., concurs in judgment only.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Case No. CR-406690.
[2] Case No. CR-408701.
[3] R.C. 2925.11.
[4] R.C. 2925.03.
[5] Molina was not indicted for the marijuana. Case Number CR-406690 was filed against both Molina and Nicole Londrico, another passenger in the car, but charges were dismissed against Londrico when she agreed to cooperate with the prosecution.
[6] Both the record and the docket are unclear as to the procedural matters between Molina's January arrest and his subsequent May arrest and any details of his apparent release.
[7] R.C. 2925.03.
[8] R.C. 2925.11.
[9] R.C. 2923.24.
[10] R.C. 2925.11, a fourth degree felony.
[11] R.C. 2925.11, a fifth degree felony.
[12] The journal entry imposed post-release control "for the maximum period allowed for the above felony(s)," when such control is optional for non-sexual felonies of the fourth and fifth degree. The judgment entry of sentence purports to order Molina to reimburse the costs of supervision, confinement and prosecution, including fees permitted by R.C. 2929.18(A)(4). None of this was pronounced at the sentencing hearing.
[13] The journal entry in CR-408701 stated that he was to be returned from prison to the jail on a holder for "additional conditions of community control sanctions. . . ."
[14] Although not mentioned at this hearing, the journal entry adds supervision fees and court costs to the unidentified community control sanctions.
[15] Cuyahoga App. Nos. 79851 and 79929, 2002-Ohio-1080.
[16] App.R. 4.
[17] State v. Best (1975), 42 Ohio St.2d 530, 533,330 N.E.2d 421.