{¶ 39} I concur with the majority opinion, but write separately to raise a question about the following order included at the end of an entry in 2001 journalizing defendant's verdict and sentence:
The Sheriff's department is ordered to return defendant back to county jail upon completion of prison sentence under count 1, for further community control sanction hearing under count 2.
 {¶ 40} Previously in this order the Court had sentenced Defendant
To 4 year of community control under count 2 to start upon completion of prison sentence under count 1 with the following conditions: attend self-center program until employed full-time for 60 days and costs are paid; defendant referred for tasc evaluation and to follow all their recommendations; to be supervised by intensive special probation after released from self-center. * * *
The defendant is ordered to report to the adult probation department, and is to pay court costs in cash or by court community work service before defendant is released from self-center program. defendant is to pay standard supervision fee.
 {¶ 41} At a hearing on December 18, 2002, the trial judge acknowledged that defendant had completed his prison sentence in CR 415608. In a journal entry subsequently filed, the trial judge ordered[1] the following:
Defendant placed on 4 years community control sanctions with conditions: defendant to pay court costs in cash or by court community work service by july 30, 2003 at rate of $25.00 per month; defendant referred for tasc evaluation and to follow all their recommendations; to be supervised by intensive special probation. defendant to immediately report to the probation department when released from jail. if in violation, defendant may result in prison term of 1 year.
The Sheriff's department ordered to immediately release defendant from jail. * * *
 {¶ 42} The record does not specify that, in fact, defendant was held in the county jail while he awaited the hearing on December 18, 2002, although such an inference would be reasonable. In the file is a document from the Department of Rehabilitation and Correction (received for filing December 21, 2001) stating his "Admission Date" was December 6, 2001; the "Calculated Release/Parole Board Date" was November 30, 2002; and the "Aggregate Jail Time Credit" was five days.[2] From this information, it is reasonable to infer that defendant would have completed his sentence well before his hearing on December 18. However, because I have no direct evidence in the record that he was in jail between the completion of his sentence and the hearing, I can only question whether defendant was confined beyond his sentence of one year.
 {¶ 43} Secondly, I question under what authority the trial judge could order defendant to be returned to county jail ostensibly for a "community control sanction hearing" after defendant had already been sentenced and had completed the prison part of his sentence.[3] And if he had authority to order his appearance, could he change any conditions of the community control sanction sentence? In this case, the trial judge specified an alternative for paying court costs — by court community work service — and added a deadline for payment by either means. The court also specified the rate at which this work service would be computed. No one has challenged these additions, which appear not to be onerous.
 {¶ 44} Indeed, there is much that is admirable in the court taking time to give defendant alternatives and to warn defendant at a time when he is most vulnerable. I call attention to this unusual procedure, however, because I am troubled that what appears to be an unconstitutional deprivation of liberty has eluded appellate review. Further troubling is that there appears to be no remedy available in the criminal case before us.[4]
[1] The transcript of this hearing indicates that the court gave defense counsel a copy of an "order" and asked him to review it with defendant. The transcript further indicates that the judge asked defendant to sign the order and also his counsel to sign as a witness. Moreover, the trial judge specifically directed defendant to look at the beginning of the order where it showed how defendant could reduce the sentence from a four-year probation to a two-year probation or a one-year probation. There is no order in the record that fits this description.
[2] However, in a document called "Sentencing Journal," dated October 18, 2001, the trial judge specified "jail credit" as 36 days.
[3] For a similar order see State v. Molina, Cuyahoga App. No. 83166, 2004-Ohio-1110.
[4] I am surprised the court did not, at least, give credit toward community control time for the time he was held awaiting a hearing.