JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Danielle White appeals from her convictions for obstructing justice in violation of R.C. 2921.32(A)(1) and for aggravated vehicular homicide in violation of R.C.2903.06(A). Because we conclude that neither of her assignments of error is well taken, we affirm the judgment of the trial court.
On August 24, 2002, a group of men robbed a grocery store. After the robbery, White and a companion drove the men from the scene of the robbery in a van. White and her companion later placed a call to the police to report that they had been victims of a carjacking, that they had been forced to drive four men to and from a robbery, and that they did not know the identities of the men. White later admitted lying to the police and told the police the identity of two of the men involved in the robbery. As a result of this incident, White was charged with obstructing justice, a fifth-degree felony, among other offenses. On December 17, 2002, White pleaded guilty to obstructing justice. The case was continued for sentencing, and White was allowed to remain on bond. On the same day, while intoxicated, White caused an automobile accident that resulted in the death of Paul Jackson. For this incident, White was charged with aggravated vehicular homicide, to which she later pleaded guilty. Sentencing for both offenses was held on May 29, 2003. For the aggravated vehicular homicide, the trial court sentenced White to five years. For obstructing justice, the trial court ordered White to be placed on community control for five years. It further ordered that the community control was to commence after the sentence for aggravated vehicular homicide had been served.
In her first assignment of error, White contends that the trial court erred in accepting her plea of guilty to aggravated vehicular homicide because the plea was involuntary. White claims that the trial court did not inform her that the offense was nonprobationable, as required by Crim.R. 11(C)(2)(a). In reviewing a claim that a plea was involuntary, we must determine whether there was substantial compliance with Crim.R. 11 and whether the plea would have otherwise been made.[1]
"Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."[2]
Our review of the record reveals that while the trial court did not inform White that aggravated vehicular homicide was not probationable, it did advise White of the range of prison time that was possible. We are unable to conclude that White did not understand the implication of her guilty plea or that White was prejudiced by the trial court's failure to inform her that she was not eligible for probation.[3] The first assignment of error is overruled.
White's second assignment of error is that the trial court erred in ordering her to be placed on community control for obstructing justice after she had served her sentence for aggravated vehicular homicide. White contends that the consecutive sentences were contrary to R.C. 2929.14(E)(4), and that, even if consecutive sentences were authorized, the trial court erred in not making the findings required by R.C.2929.14(E)(4). R.C. 2929.13(A) authorizes the trial court to sentence a defendant to "any sanction or combination of sanctions * * * provided in sections 2929.14 to 2929.18 of the Revised Code." R.C. 2929.14(E)(4) delineates the findings that the trial court must make before sentencing a defendant to consecutive prison terms. We conclude that the prison term of five years and the order for community control for five years constituted a "combination of sanctions" authorized by R.C.2929.13(A).[4] Further, because White was not sentenced to consecutive prison terms, the trial court was not required to make findings under R.C. 2929.14(E)(4).[5] Accordingly, we conclude that the second assignment of error is not well taken.
Because White's assignments of error are without merit, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474. See also, State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E. 2d 1163.
[2] Nero, supra.
[3] See State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ___ N.E.2d ___.
[4] See State v. Aitkens, 8th Dist. Nos. 79851 and 79929, 2002-Ohio-1080.
[5] See State v. Meredith, 4th Dist. No. 02CA5, 2002-Ohio-4508; State v. Molina, 8th Dist. No. 83166, 2004-Ohio-1110; State v. Kinder, 5th Dist. No. 03CAA12075, 2004-Ohio-4340.