[Cite as *State v. Heidrick*, 2012-Ohio-1739.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96822**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOSEPH P. HEIDRICK

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546366

**BEFORE:**   Kilbane, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 19, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State of Ohio Public Defender
Stephen P. Hardwick
Assistant Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

Robert L. Tobik
Cuyahoga County Public Defender
Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** In this appeal, defendant-appellant, Joseph Heidrick, challenges the sentence imposed following his convictions for unlawful sexual conduct with a minor and corrupting another with drugs. For the reasons set forth below, we affirm.

**{¶2}** On January 28, 2011, 31-year-old Joseph Heidrick was indicted pursuant to a four-count indictment. Defendant was charged with importuning involving a 13-year-old girl; unlawful sexual conduct with a 13-year-old girl; corrupting another with drugs; and possessing criminal tools, with forfeiture specifications. On March 21, 2011, defendant pled guilty to the charges of unlawful sexual conduct with a minor and corrupting another with drugs, and the remaining charges were nolled.

**{¶3}** On April 27, 2011, the trial court sentenced defendant to five years of imprisonment, with five years of postrelease control supervision on the charge of unlawful sexual conduct with a minor and one year of community control sanctions on the charge of corrupting another with drugs. The trial court further ordered:

> **Community control to commence upon release from prison.**
>
> **\* \* \* It is therefore ordered that defendant is sentenced to 1 year(s) of community control, under the supervision of the Adult Probation Department \* \* \*.**

**{¶4}** Defendant appeals, assigning the following error for our review:

> **The trial court erred by running Mr. Heidrick's community control sanction consecutively to his prison term.**

**{¶5}** Within this assignment of error, defendant maintains that the trial court had no authority to sentence him to serve a term of community control sanctions consecutive

to a prison term because such sentence interferes with the Adult Parole Authority's supervision of him following his release from prison.

{¶6} Pursuant to R.C. 2953.08(G)(2)(a), our review is limited to determining if there is "clear and convincing evidence to show that the record does not support the sentencing court's [action]." *See also State v. Ramsey*, 6th Dist. No. WD-04-004, 2004-Ohio-5677.

{¶7} We further note that R.C. 2929.13(A) states, in pertinent part, as follows:

**[A] court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.**

{¶8} This code section provides a trial court with discretion to impose a prison term for one offense and community control sanctions for a separate offense. *State v. Randolph*, 12th Dist. No. CA2003-10-262, 2004-Ohio-3350, ¶ 6-7; *State v. Aitkens*, 8th Dist. Nos. 79851 and 79929, 2002-Ohio-1080, at 2; *State v. Molina*, 8th Dist. No. 83166, 2004-Ohio-1110, ¶ 10. The trial court may also order that the sentence of community control be served consecutively to the prison term, i.e., begin upon the accused's release from prison. *Ramsey*, 6th Dist. No. WD-04-004, 2004-Ohio-5677, at ¶ 4; *State v. Kinder*, 5th Dist. No. 03CAA12075, 2004-Ohio-4340, at ¶ 31.

{¶9} As explained in *Ramsey*:

**This code section has been applied to mean a blended sentence is possible. * * * A blended sentence of this type is proper when it is imposed to be served consecutively. *State v. Kinder* * * *. Such a sentence is not inconsistent with R.C. 2929.13(B)(2), which provides guidance to the sentencing court for the choice of prison or control sanctions for a fourth or fifth degree felony. *State v. Aitkens, * * *.**

**Nothing in the sentencing guidelines appears to prohibit this type of blended sentence.** *State v. Meredith*, **4th Dist. No. 02CA5, 2002-Ohio-4508, at ¶ 13. Accord,** *State v. Gray* **(June 30, 2000), 2d Dist. No. 99-CA-103.**

**{¶10}** Similarly, in *Aitkens*, this court explained:

**Although Aitkens argues that all four cases involved the forgery of checks, depending on the circumstances of each case the court could have found community control sanctions appropriate for two cases and prison terms appropriate for the other two, as R.C. 2929.13(A) allows this kind of disposition and is determinative of this appeal.**

**\* \* \***

**That is exactly what the court did in this case; the court imposed a combination of sanctions on Aitkens including prison terms pursuant to R.C. 2929.14 and community control sanctions pursuant to R.C. 2929.15. R.C. 2929.13(A) specifically authorizes a court to exercise its discretion in sentencing an offender to any sanction or combination of sanctions provided for by law.**

*See also State v. Marks*, 8th Dist. No. 92548, 2009-Ohio-6306, ¶ 13.

**{¶11}** Applying the foregoing, we conclude that the trial court acted within its discretion and in accordance with the law in imposing a sentence of community control consecutively to a term of imprisonment.

**{¶12}** Further, although defendant cites to R.C. 2967.29 in support of his argument, nothing in this code provision precludes the imposition of a blended sentence. The assignment of error is without merit.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR