[Cite as *State v. Anderson*, 2016-Ohio-7044.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102427**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARLO A. ANDERSON

DEFENDANT-APPELLANT

## DECISION EN BANC:
AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585997-A

**BEFORE:** The En Banc Court

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue
Suite 800
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: John Patrick Colan
Anthony Thomas Miranda
Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** There is arguably nothing more unassailable than the trial court's discretion to fashion final sentences. Any legislative or legal decision seen as limiting that discretion will arouse passionate debate.[1] Nevertheless, as an intermediate appellate court, we must constrain ourselves to the questions of law, and apply not only the statutory language as written but also the clear precedent of the Ohio Supreme Court. In this case, the trial court imposed a sentence beyond that which it was authorized to impose, and therefore, we must reverse. We are not so much limiting a trial court's sentencing authority as we are recognizing the boundaries of the legislative grant of discretion.

**{¶2}** The trial judge wanted to maintain personal supervision over Marlo Anderson after his release from prison for the apparent and noble purpose of ensuring Anderson would stay on a path to rehabilitation. This resulted in the dual imposition of postprison supervision by two separate entities and will result in the unnecessary fiscal burden imposed on two state agencies charged with the same task. This goal of allowing the court to set the appropriate sanctions and conditions on offenders leaving prison could have been accomplished in an authorized manner through the procedures outlined under R.C. 2967.29, which provides a method for the court of common pleas to cooperate with

---

[1]Mary Beth Lane, *The Columbus Dispatch*, *Judges are offended by new law on sentencing* (Mar. 4, 2012); http://www.dispatch.com/content/stories/local/2012/03/04/judges-are-offended-by-new-law-on-sentencing.html (accessed June 6, 2016) (article explained, from trial court judges' perspective, how application of a new statute granting an executive agency certain authority in sentencing co-opted judicial discretion).

the Department of Rehabilitation and Correction in supervising offenders. R.C. 2967.29(B)(4). The court, after consultation with the board of county commissioners, could enter into an agreement with the department of corrections allowing the court and the parole board to make joint decisions relating to parole and postrelease control to the extent permitted by section 2967.28 of the Revised Code. If such an agreement was in place in Cuyahoga County, there would have been no need for the dual imposition of postprison monitoring because the trial court could cooperate in structuring the guidelines of the defendant's postprison monitoring. R.C. 2967.29(B)(6).

{¶3} Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court determined that a conflict existed between the original panel majority decision in *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2015-Ohio-5136, and *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, ¶ 8. Although our original panel decision in *Anderson*, 2015-Ohio-5136, was not the first to question prior decisions allowing the imposition of consecutive community control sanctions, it is nonetheless the vehicle chosen to resolve our intradistrict differences. *State v. Abernathy*, 8th Dist. Cuyahoga No. 102716, 2015-Ohio-4769, ¶ 8-10 (trial court is not authorized to impose consecutive community control jail terms); *see also State v. Dansby-East*, 8th Dist. Cuyahoga Nos. 102656, 102657, 102658, and 102659, 2016-Ohio-202, ¶ 21; *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, ¶ 13 (recognizing that the Ohio Supreme Court's decision in *Barnhouse* only applies to preclude the consecutive imposition of community control

sanctions).   In light of the conflict, we agreed to hear the matter en banc to clarify this district's black-letter law.[2]

**{¶4}** Before issuing the original panel decision, in light of newer developments in the law impacting the issues as framed by Anderson, this court requested the parties to brief whether

> R.C. 2929.13(A) or 2929.41(A) or any other statutory provision allow for the consecutive imposition of community control sanctions, either with a prison term or without a prison term, pursuant to *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, or *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.

The supplemental briefing was sought in accordance with *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, and because this court recognizes that sentences not authorized by law are void.   *State v. T.M.*, 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶ 25 (Stewart, J., dissenting), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 20, and *State v. Hooks*, 135 Ohio App.3d 746, 750, 735 N.E.2d 523 (10th Dist.2000); *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 2; *State v. Keslar*, 4th Dist. Hocking No. 98CA20, 1999 Ohio App. LEXIS 5570, *17 (Nov. 17, 1999), citing *State v. Bruce*, 95 Ohio App.3d 169, 642 N.E.2d 12 (12th Dist.1994), and *State v. Thomas*, 80 Ohio App.3d 452, 609 N.E.2d 601 (3d Dist.1992).   Both parties responded.

---

[2]The original announcement of decision, *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2015-Ohio-5136, released December 10, 2015, is hereby vacated.   This opinion is the court's journalized decision in this appeal.

{¶5} The issue posed here is whether a trial court may impose a term of residential or nonresidential community control sanctions on one felony count, to be served consecutively to a term of imprisonment imposed on another. We must answer that question in the negative. The legislature has not authorized a trial court to impose community control sanctions to be served consecutively to sanctions imposed on separate counts, except in limited but expressly delineated circumstances that are inapplicable to Anderson's sentence. The original panel in our *Anderson* appeal followed *Abernathy* in light of *State v. Anderson,* 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512,[3] and, after reviewing Anderson's assigned errors, the panel acknowledged the overlooked decision in *Barnhouse*.

{¶6} In *State v. Anderson,* the Supreme Court of Ohio did not directly deal with the consecutive imposition of a community control sanction and a prison term. Nevertheless, *State v. Anderson* reaffirmed an apparently forgotten limitation to a trial court's authority in sentencing. In *State v. Anderson*, the Ohio Supreme Court unambiguously held that "'the only sentence which a trial judge may impose is that provided for by statute * * *.'" *Id.* at ¶ 12, citing *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964); *see also State v. Morris*, 55 Ohio St.2d 101, 112, 378 N.E.2d 708 (1978),

---

[3]In light of the confusion that will inevitably follow from having to discuss multiple "*State v. Anderson*" cases, the Ohio Supreme Court's decision will be referred to as "*State v. Anderson*," while any reference to *Anderson*, 8th Dist. Cuyahoga No. 102427, 2015-Ohio-5136, our original majority opinion, will be denoted as such for the sake of clarity.

citing *Toledo Mun. Court v. State ex rel. Platter*, 126 Ohio St. 103, 184 N.E. 1 (1933) ("It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties."); *see also Wilson v. State*, 5 N.E.3d 759, 762 (Ind.2014), quoting *Wilson v. State*, 988 N.E.2d 1221, 1224 (Ind.2013) (Robb, C.J., dissenting) ("sentencing is a creature of the legislature"; "courts are limited to imposing sentences that are *authorized* by statute, rather than only being limited to sentences that are not *prohibited* by statute."    (Emphasis sic.)).

{¶7}    Appellate courts had all too often flipped that proposition of law on its head and affirmed sentences under the rationale that the legislature had not specifically precluded the imposed sentence, including the panel's decision in *Heidrick*.    *See, e.g., State v. Anderson*, 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 34; *Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, at ¶ 12 (noting that nothing in the statute precludes the imposition of the appealed sentence, and therefore, the conviction was affirmed); *see also State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, ¶ 4; *State v. Meredith*, 4th Dist. Athens No. 02CA5, 2002-Ohio-4508, ¶ 13.    Therefore, the *State v. Anderson* decision undermined the rationale supporting our decision in *Heidrick.* Accordingly, the time was ripe to question the *Heidrick* outcome.

{¶8} With that background and analytical framework in mind, we can now turn to the merits of the case, in which Marlo Anderson appeals the trial court's imposition of community control sanctions (two years of community control including an indefinite term of confinement in a community-based correctional facility ("CBCF")) on the identity

fraud count, a felony of the fifth degree, to be served consecutively to a three-year aggregate sentence of imprisonment (consecutive terms of one year on a firearm specification and two years for robbery).

{¶9} Anderson was charged in pertinent part with three felonies, abduction, robbery, and identity theft, for luring a victim into Anderson's car and robbing him at gunpoint. When the victim entered the car, Anderson and three accomplices took the victim's cell phone and bank card. One of the attackers used a Taser on the back of the victim's neck several times to torture the victim into divulging his PIN. The victim finally relented, and the quartet proceeded to three separate ATMs where Anderson posed as the victim to withdraw cash. When the attackers stopped at one of the ATMs, the victim managed to escape. Anderson drove by the victim's home in an attempt to find him.

{¶10} Anderson filed the current appeal after pleading guilty and being sentenced. Anderson first claims the trial court failed to "properly" consider the merger issue regarding the robbery and abduction charges, arguing that his state of mind, or animus, was never addressed. We can summarily dispose of his first argument. In this case, the trial court determined that the acts constituting the robbery and those constituting the abduction were committed with separate conduct. Because the acts were deemed to be committed separately, no inquiry into the defendant's animus was necessary. The Ohio Supreme Court held that

offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) [if] the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm [or was committed against separate victims], (2) [if] the offenses were committed separately, [or] (3) [if] the offenses were committed with separate animus or motivation.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. The merger analysis was stated in the disjunctive: any one of the factors warrants separate punishment. The trial court was not required to determine Anderson's animus and did not err by avoiding any discussion of Anderson's "state of mind."

**{¶11}** Anderson also challenges the imposition of a two-year term of community control to be served consecutively to his three-year term of imprisonment — specifically imposed by the trial court pursuant to R.C. 2929.14(C)(4). A mandatory three-year term of postrelease control was also imposed. As already alluded to, we agree with Anderson's claim that the trial court was without authority to impose the residential and nonresidential community control sanctions on felony counts to be served consecutively to the prison term on the undisturbed counts. As a result, the community control sanctions imposed on the identity fraud count, a felony of the fifth degree, are void as a matter of law.

**{¶12}** The legislature must provide the trial court with authority to impose community control sanctions to be served consecutive to a prison term imposed on a

separate felony count. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512. The first step of our analysis is to classify the community control sanctions with respect to the statutory sentencing scheme. The community control sanctions in this case include both residential and nonresidential sanctions. Unfortunately, we have to analyze those sanctions differently. The residential sanctions, as will be discussed in further detail, are sentences of imprisonment within the meaning of R.C. 2929.41(A) that must be served concurrently due to the lack of an exception. Nonresidential sanctions are not sentences of imprisonment, so the analysis on that issue hinges on the legislature's grant of authority to impose the nonresidential sanctions consecutive to a prison term imposed on a separate count. *State v. Anderson*.

{¶13} For this reason, we begin our review with a discussion of the residential sanction of CBCF and how those sanctions are impacted by the plain and ordinary language codified in R.C. 2929.41. In Ohio, R.C. 2929.41 controls the trial court's authority to impose a prison or jail term, or other sentence of imprisonment consecutive to another such term. R.C. 2929.41(A) provides:

Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, *a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment* imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or

sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

(Emphasis added.) There are only three exceptions to the concurrent service of jail or prison terms or a sentence of imprisonment: (1) for misdemeanor sentences pursuant to R.C. 2929.41(B); (2) for felony prison terms pursuant to R.C. 2929.14(C)(4); or (3) for sentences for certain violent sex offenses pursuant to R.C. 2971.03.

{¶14} The first and third exceptions are inapplicable to the residential term imposed at a CBCF. Neither party claims that R.C. 2971.03 is applicable, and R.C. 2929.14(C)(4) is limited to the imposition of consecutive "prison terms." *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, ¶ 6; *State v. Maloney*, 12th Dist. Clermont No.CA99-01-006, 1999 Ohio App. LEXIS 4600, *7 (Sept. 27, 1999); *State v. Kroger*, 12th Dist. Clermont No. CA99-05-050, 2000 Ohio App. LEXIS 1393 (Apr. 3, 2000). "Prison" is defined as a residential facility used for the confinement of convicted felony offenders under the control of the Department of Rehabilitation and Correction. R.C. 2929.01(AA). On the other hand, "'[c]ommunity control sanction' means a sanction *that is not a prison term* and that is described" in sections 2929.15 through 2929.18 of the Revised Code. (Emphasis added.) R.C. 2929.01(E). A term of confinement in a CBCF is a community control sanction. *State v. Richmond*, 8th Dist. Cuyahoga No. 97531, 2012-Ohio-3946, ¶ 13; R.C. 2929.16(A)(1). Courts are authorized to impose CBCF and other residential sanctions as a community control sanction pursuant

to R.C. 2929.16. As a result, residential community control sanctions are not prison terms as statutorily defined and R.C. 2929.14(C)(4) is simply inapplicable.

{¶15} A term of residential sanctions cannot be imposed consecutive to a prison term because as the Ohio Supreme Court recognized, residential sanctions are sentences of imprisonment. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 12; *State v. Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, ¶ 13 (acknowledging that the *Barnhouse* decision precludes the imposition of consecutive residential sanctions); *Abernathy*, 8th Dist. Cuyahoga No. 102716, 2015-Ohio-4769, ¶ 8-10; *Dansby-East*, 8th Dist. Cuyahoga Nos. 102656, 102657, 102658, and 102659, 2016-Ohio-202, ¶ 21. There is no definition for "sentence of imprisonment" in the Revised Code. R.C. 1.05(A) provides that "imprisoned" or "imprisonment" means being "imprisoned under a sentence imposed for an offense * * * in * * * a community-based correctional facility." Serving a term in a CBCF is "imprisonment" as statutorily defined.

{¶16} It stands to follow that the imposition of a term at a CBCF is a "sentence of imprisonment." *Barnhouse.* R.C. 2929.41(A) unambiguously provides that "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state" unless an exception applies. Because no exceptions in R.C. 2929.41(A) authorize the consecutive service of a "sentence of imprisonment," a term of imprisonment at a CBCF cannot be imposed consecutive to a prison term. *Abernathy*; *Dansby-East*; *Peterson*.

We acknowledge that the trial court imposed a six-month term at a CBCF during the sentencing hearing, but in the final sentencing entry indicated the term at a CBCF was indefinite. In light of the fact that we find no authority to impose any term at a CBCF to be served consecutive to a prison term, correcting the record at this point in time would be futile.

{¶17} The only remaining question is whether any nonresidential community control sanctions pursuant to R.C. 2929.17 may be imposed consecutive to a prison term. The state has not cited any section of the Revised Code authorizing the imposition of consecutive nonresidential community control sanctions, or for authority for those sanctions to take effect following an offender's release from a prison term.

{¶18} The only notable, and express, exception to this lack of authority to impose residential or nonresidential sanctions consecutive to a prison term on a separate count is for certain OVI offenses. *See* R.C. 2929.15(A)(1). In that section, the legislature expressly authorized the imposition of community control sanctions to be served upon the offender's release from the mandatory prison term when the sanctions are imposed on a third- or fourth-degree felony OVI offense. R.C. 2929.15(A)(1), provides:

> [I]n addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, *but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction*.

(Emphasis added.) Although another panel in this district cited R.C. 2929.15(A)(1) for the proposition that an offender shall serve all prison terms imposed before serving any

community control sanction, the legislature expressly limited application of that exception to sentences imposed pursuant to divisions (G)(1) and (2) of section 2929.13 of the Revised Code, for certain felony OVI offenses. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, ¶ 27-28. That portion of R.C. 2929.15(A)(1) had no applicability to the sexual battery conviction underlying the *May* case and, more importantly, has no applicability to the current facts of this case. *Id.* at ¶ 1. We were wrong and now overrule *May* inasmuch as that panel concluded that R.C. 2929.15(A)(1) authorizes all community control sanctions to commence after service of the prison term.

{¶19} Sections R.C. 2929.13 through 2929.17 are otherwise silent with respect to imposing nonresidential sanctions to be served consecutively to prison terms. That legislative silence is deafening. In the absence of an express grant of authority to order the imposition of nonresidential sanctions to be served consecutive to prison terms, those sanctions cannot be so imposed. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512; *see, e.g.,* R.C. 2929.15(A)(1) (demonstrating the legislature's knowledge of the language necessary to create authority for the imposition of community control sanctions to be served after the offender is released from a prison or jail term, or other sentence of imprisonment).

{¶20} Further, R.C. 2929.41 only addresses prison terms, jail terms, or sentences of imprisonment. Nonresidential community control sanctions are not prison terms. R.C. 2929.01(E). They are also not jail terms. R.C. 2929.01(S) ("jail term" means a term in a jail that is imposed pursuant to R.C. 2929.24 and 2929.25, both of which pertain

to misdemeanor sentencing). Because nonresidential sanctions are not prison or jail terms, the facts of this case do not involve R.C. 2971.03, and because the state provided no statutory authority for the imposition of nonresidential community control sanctions to be served consecutively to other sentences of imprisonment, Anderson's sentence on the identity fraud count is void.

{¶21} Our previous decisions consistently overlooked the implications of *Barnhouse*, and therefore, we can no longer rely on any of those previous decisions to authorize the sentence at issue. As the state notes, courts have routinely held that community control sanctions on one count can be imposed consecutively to a prison term on another. *See, e.g., State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340; *Purvis*, 8th Dist. Cuyahoga No. 101608, 2015-Ohio-1149;[4] *Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, ¶ 8; *State v. Leedy*, 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, ¶ 7-8, citing *Heidrick* at ¶ 8-9; *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350, ¶ 6-7; *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, ¶ 4. The rationale in all those cases relied on the proposition that the legislature had not prohibited the imposition of consecutive community control sanctions, and therefore, the courts concluded that the trial court then possessed the authority to impose the particular sentence. That inverted rationale was

---

[4]In addition and for a more basic reason, we can no longer follow the proposition of law set forth in *Purvis* — that consecutive residential sanctions pursuant to R.C. 2929.16 can be imposed on multiple felonies. The *Purvis* panel relied on *State v. Barnhouse*, 4th Dist. Athens No. 02CA22, 2002-Ohio-7082, for a proposition of law subsequently overturned by the Ohio Supreme Court. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 12.

overruled in *State v. Anderson* and demonstrates why we can no longer rely on our decisions in *Heidrick*.

{¶22} The only other analysis supporting the *Heidrick* line of decisions was that R.C. 2929.13(A) provides that a court that imposes "a sentence upon an offender *for a felony* may impose any sanction or combinations on the offender." (Emphasis added.) *Heidrick* at ¶ 7; *see also State v. Santiago*, 8th Dist. Cuyahoga No. 102433, 2015-Ohio-4674, ¶ 5, 16 (a combination of sanctions can be imposed on an individual felony count and noting that the defendant did not challenge the imposition of community control sanctions to be served consecutive to the prison term); *State v. Martin*, 8th Dist. Cuyahoga No. 100723, 2014-Ohio-3913, ¶ 9 (relying on the flawed precedent from *State v. May* affirming consecutive service of community control sanctions on separate counts); *State v. Carswell*, 8th Dist. Cuyahoga Nos. 101313 and 101314, 2015-Ohio-764, ¶ 8 (also relying on *Martin* and *May*). R.C. 2929.13(A), however, is limited to authorizing the imposition of a combination of sanctions on a singular felony offense and is silent as to imposing consecutive service of community control sentences upon multiple felonies. *Barnhouse* at ¶ 15; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9; *Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, at ¶ 13. R.C. 2929.13(A), 2929.15(A)(1), 2929.16, and 2929.17 employ similar language authorizing trial courts to impose a combination of community control sanctions for a single "felony offense." *Peterson*. As the Ohio Supreme Court noted in *Barnhouse*, the legislature's indication that a combination of sanctions may be imposed for a felony offense is

immaterial to resolving whether the sanctions can be imposed consecutively to one another. *Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, at ¶ 15. In light of the similarity of the language carried throughout the pertinent sentencing statutes, we see no reason to limit the *Barnhouse* decision solely based on the court's analyzing R.C. 2929.16 alone. Authorizing the combination of community control sanctions for a single felony offense is not authorization to impose consecutive service of those sanctions imposed on multiple felonies under a plain reading of the language. *Id.*; *Peterson*.

{¶23} Finally, although not relevant, we note that any reliance on R.C. 2951.07 and 2929.141 to support the trial court's authority to impose consecutive community control sanctions would be misplaced. Each section addresses how a sentence is executed, not how it is imposed in the first instance. R.C. 2929.141(A) provides:

> Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may [as one of two options], * * * [i]mpose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

*Id*. R.C. 2929.141 deals with penalties for the violation of postrelease control and has no applicability to sentencing offenders for the first time. We need not discuss that section further, although it is noteworthy that the legislature is well aware of the language required to authorize the consecutive imposition of community control sanctions. R.C. 2951.07, in turn, provides as follows:

A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or *if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.*

(Emphasis added.) R.C. 2951.07.

**{¶24}** For the sake of argument, we will presume the possibility that the second sentence of R.C. 2951.07 could be read as the legislative grant of authority to support the trial court's decision, in a final sentencing entry, to order the community control sanctions to be served following the offender's release from prison. The argument would then follow that if the community control period ceases to run upon the offender's confinement, the trial court could impose community control sanctions to be served following the offender's release from prison by simply imposing both confinement and community control sanctions simultaneously through operation of R.C. 2951.07.

**{¶25}** There is an inherent flaw with that argument. R.C. 2951.07 applies to all sentences involving community control sanctions, whether imposed upon multiple counts or as a combination of sanctions on a single felony count. We need to approach our

analysis with that in mind. If we interpreted R.C. 2951.07 as the legislative authority for the imposition of community control sanctions to be served following an offender's release from a prison term in this case, or as authority supporting the imposition of consecutive service of those sanctions, we would cause inextricable conflicts with other statutory sections.

{¶26} For example, R.C. 2929.15(A)(1) is a specific grant of authority to impose community control sanctions to be served following an offender's release from a prison term imposed on a felony OVI conviction. If we were to read R.C. 2951.07 as providing authority to impose all community control sanctions to be served following an offender's release from any jail or prison term, or other sentence of imprisonment in general, the language in R.C. 2929.15(A)(1) would be superfluous because R.C. 2951.07 as a general grant of authority would subsume the more limited grant of authority in R.C. 2929.15(A)(1).

{¶27} The Ohio Supreme Court recently provided guidance on resolving this type of seemingly contradictory, statutory language. *State v. Polus*, Slip Opinion No. 2016-Ohio-655. In that case, the trial court imposed a jail term on a misdemeanor offense to be served consecutively to a prison term imposed on the felony offense pursuant to R.C. 2929.41(B)(1). The appellate court affirmed, claiming an ambiguity in the statute because R.C. 2929.41(A) contained two pertinent exceptions to concurrent service of a sentence of misdemeanor imprisonment, one for misdemeanor offenses in general, imposed pursuant to R.C. 2929.41(B)(1), and another more specific provision

referencing misdemeanor violations of R.C. 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 imposed to be served consecutively to convictions under R.C. 2903.04, 2903.06, 2903.07, 2903.08, or 4511.19. There was no dispute that the more specific subdivision was not applicable, so the trial court's only authority to impose consecutive service was through R.C. 2929.41(B)(1), in which the lower courts determined that the legislature intended a general grant of authority for all misdemeanor sentences.

{¶28} As the Ohio Supreme Court determined, the lower courts' interpretation — that R.C. 2929.41(B)(1) authorized consecutive service of all misdemeanor sentences in general — caused the more specific provision of R.C. 2929.41(B)(3) to be superfluous because the more general rule of subdivision (B)(1) subsumed the limited exception to concurrent sentencing delineated in division (B)(3). *Polus* at ¶ 11-12. Courts must presume that all statutory language was inserted for a reason. *Id.* In order to give meaning to R.C. 2929.41(B)(3), application of the exception provided in R.C. 2929.41(B)(1) was also limited to certain enumerated misdemeanors instead of being interpreted as a general exception.

{¶29} In this case, therefore, we cannot read R.C. 2951.07 as authorization for the trial court's imposition of any community control sanctions to be served following the offender's release from any prison or jail term. In doing so, we would be rendering the more specific language of R.C. 2929.15(A)(1) superfluous. If R.C. 2951.07 is read to authorize in the general sense that which R.C. 2929.15(A)(1) did in the more limited and specific sense, there would be no need for the limited express grant of authority.

**{¶30}** Thus we can only conclude that the legislature limited the trial court's authority — to impose community control sanctions to be served following the offender's release from a prison term — to certain felony offenses. R.C. 2929.15(A)(1); *Anderson* ("absent an express exception, the court must impose *either* a prison term or a community-control sanction or sanctions" on an individual felony, although the combination of sanctions in R.C. 2929.13(A) was not discussed); but *see Peterson*, 8th Dist. Cuyahoga No. 102428, 2015-Ohio-4581, at ¶ 13 (R.C. 2929.15 authorizes the trial court to generally impose a combination of community control sanctions on a single felony count). R.C. 2951.07 is, therefore, a statute that guides courts on the execution of community control sanctions, not the imposition of those sanctions. As such, the statutory section is irrelevant to determining the limitations placed on a trial court's authority to impose community control sanctions to be served following the offender's release from a prison term imposed on a separate count.

**{¶31}** In light of the foregoing, we must vacate Anderson's conviction as it pertains to the community control sanctions imposed on the identity fraud count based on our analysis from *Abernathy, Dansby-East*, and *Peterson*. Because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same. The sentence imposed on the identity fraud count is void and must be vacated.

**{¶32}** Anderson's sentence on the identify theft is vacated, and the case is remanded for resentencing on that count alone. Anderson's conviction for robbery and abduction is otherwise affirmed.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., J.,
EILEEN T. GALLAGHER, J.,
LARRY A. JONES, SR., A.J.,
KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY


MARY J. BOYLE, J., DISSENTS WITH SEPARATE OPINION

PATRICIA ANN BLACKMON, J.,
EILEEN A. GALLAGHER, J.,
MARY EILEEN KILBANE, J., and
ANITA LASTER MAYS, J., CONCUR WITH THE SEPARATE DISSENTING OPINION


MARY J. BOYLE, J., DISSENTING:

**{¶33}** I respectfully dissent. Consistent with my dissenting opinion in the original panel decision, and as this court and several other districts have long held, I would answer the en banc question in the affirmative — that is, I would hold that a trial court has the discretion *and* the authority to impose a prison term on one felony offense and community control sanctions on a separate felony offense, and order the community control sanctions commence upon the defendant's release from prison.

**{¶34}** When choosing an appropriate sentence, trial courts must first consider R.C. 2929.11, which sets forth the overriding purposes and principles of felony sentencing. R.C. 2929.11(A) states:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the *minimum sanctions* that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court *shall consider* the need for incapacitating the offender, deterring the offender and others from future crime, *rehabilitating the offender*, and making restitution to the victim of the offense, the public, or both.

(Emphasis added.)

**{¶35}** Under R.C. 2929.12, a court retains discretion to determine the most effective way to comply with the purposes and principles of sentencing. In exercising this discretion, the court is required to consider a series of factors that pertain to the seriousness of the offense and the recidivism of the offender. These factors include the injuries suffered by the victim, the motivations of the offender, the offender's prior convictions, the offender's remorse, and any mitigating factors. *Id*.

{¶36} The defendant in this case, Anderson, was young — only 22 years old — at the time of sentencing. At the sentencing hearing, the trial court heard from his probation officer who informed the court that Anderson had failed several drug tests, did not comply with his outpatient drug treatment program, or verify that he had attended GED classes. Anderson's father and mother also spoke to the court. Anderson's father told the court that he spent many years of his life having substance abuse issues, and blamed himself for many of Anderson's problems. Anderson's mother informed the court that Anderson had a learning disability and said that she attempted to help Anderson attend his AA meetings. Anderson stated that being in jail for 197 days on this case was "eye-opening," and that he learned he wanted to get his life together and be a more productive member of society.

{¶37} The following took place at Anderson's sentencing hearing:

THE COURT: With regard to * * * the identity fraud offense, Count 8, that is a felony of the fifth degree. I'm going to run that consecutive to the robbery and abduction, and I'm going to order you to be on probation for that charge.

I'm going to have you — when you're released from prison, you're going to come back and be placed in the CBCF facility for a six-month period. CBCF is a confinement facility next to the post office in downtown Cleveland. It is not a jail. It is not a prison. It is a bunk bed facility that has about 150 to 200 men where you will get drug treatment training, you will get GED schooling, you will get training for Thinking For a Change. In other words, making better decisions about yourself and you will do that in a confinement setting, but very different than prison or jail.

You will be allowed to be released from that facility after you do three months, if you have done everything properly. You will have to return there in the evening to stay overnight, but you will be back out in the community during the day to either take care of your business or take care

of working or start working, but you will come back during the evening and stay there until you complete your stay. It is a maximum of six months. For many people it is three months to six months.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You need to have some of these issues addressed, and this is the proper way to do that. If you get that treatment in prison, great, but you're going to at least have a program where if it doesn't happen there, it will happen at the CBCF. You will be placed on probation for a two-year time period.

You will also be on post-release control at the same time, so I'm not adding anything more to that. It will be part of that same sentence. I'm sentencing you to a total of three years, one with the gun specification and two with the robbery, because your conduct that night is such that it is very serious.

I know you've got issues, and I'm trying to address those issues, but it's important to address the conduct, and I'm trying to match the conduct with what I think is the appropriate sentence and to make it as minimum a sentence that I could impose that deals with the nature of your conduct.

You have a lot of family support. You're going to need that family support. I expect that they will continue to be with you during that time period and help you through this process.

**{¶38}** After reviewing what occurred at the sentencing hearing, it is clear that the trial court was attempting to appropriately punish Anderson for his conduct in committing the offenses and protect the public, while at the same time attempting to rehabilitate a 22-year-old offender so that he could become a more productive and law-abiding citizen after he served his sentence. Notably, the trial court imposed a sentence using the minimum sanctions it deemed necessary — as it was required to do. The majority's en

banc decision, however, essentially removes a trial court's sentencing discretion, which is counterintuitive and against the overriding purposes and principles of felony sentencing under R.C. 2929.11.

{¶39} The en banc majority asserts that the trial court could accomplish its "noble purpose of ensuring Anderson would stay on a path to rehabilitation" if the common pleas court and the department of corrections entered into an agreement under the provisions set forth in R.C. 2967.29. R.C. 2967.29(A) provides:

> A court of common pleas may cooperate with the department of rehabilitation and correction in the supervision of offenders who return to the court's territorial jurisdiction after serving a prison term. The court, after consultation with the board of county commissioners, may enter into an agreement with the department allowing the court and the parole board to make joint decisions relating to parole and post-release control to the extent permitted by section 2967.28 of the Revised Code.

{¶40} I disagree that the trial court could accomplish its "noble" goal if the court and the department of corrections entered into an agreement pursuant to R.C. 2967.29. This provision relates to "parole and postrelease control." Neither the court nor the parole board can impose a term in a CBCF as part of a defendant's postprison monitoring. But if a court sentences a defendant to community control sanctions that includes three to six months in a CBCF, it is only common sense that the odds a defendant would break his or her addiction would greatly increase. Thus, I disagree that a court could accomplish the same "noble" goal through postrelease control.

{¶41} In *State v. Heidrick*, 8th Dist. Cuyahoga No. 96822, 2012-Ohio-1739, the certified intradistrict conflict case, this court was faced with nearly an identical set of

facts. The trial court sentenced Heidrick to five years in prison on one felony count and one year of community control sanctions on another felony count, and ordered "community control to commence upon release from prison." *Id.* at ¶ 3. The trial court further ordered, among other things, that as part of Heidrick's community control sanctions, he be screened for placement in the Northwest Community Based Correctional Facility for up to six months.

{¶42} We explained in *Heidrick* that R.C. 2929.13(A), which states "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code," provides a trial court with discretion to impose a prison term for one offense and community control sanctions for a separate offense. *Id.* at ¶ 7-8, citing *State v. Randolph*, 12th Dist. Butler No. CA2003-10-262, 2004-Ohio-3350, ¶ 6-7; *State v. Aitkens*, 8th Dist. Cuyahoga Nos. 79851 and 79929, 2002-Ohio-1080; and *State v. Molina*, 8th Dist. Cuyahoga No. 83166, 2004-Ohio-1110, ¶ 10. We went on to hold in *Heidrick* that "[t]he trial court may also order that the sentence of community control * * * begin upon the accused's release from prison." *Id.* at ¶ 8, citing *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677, ¶ 4; *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340, ¶ 31.

{¶43} This court has recently reaffirmed the same holding — that a trial court has the discretion under R.C. 2929.13(A) to impose a prison term on one felony offense and community control sanctions on another felony offense, and order that the community

control sanctions commence upon completion of the prison term. *See State v. Santiago*, 8th Dist. Cuyahoga No. 102433, 2015-Ohio-4674 (upheld a sentence that included a prison term for one offense and a "jail term, CBCF, and community control sanction" on another offense, with community control sanctions beginning once the defendant was released from prison). *See also State v. Martin*, 8th Dist. Cuyahoga No. 100723, 2014-Ohio-3913; *State v. Carswell*, 8th Dist. Cuyahoga Nos. 101313 and 101314, 2015-Ohio-764; *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766; and *State v. LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596. We noted in *Martin* and *Carswell* that although a trial court cannot impose both a prison sentence and community control sanctions for the same offense, it may do so for separate offenses, and it may order the community control sanctions to commence upon the defendant's release from prison.[5] *Martin* at ¶ 8-9; *Carswell* at ¶ 8.

**{¶44}** Other districts have also held that a trial court may impose a prison term on one offense and community control sanctions on another offense and order the community control sanctions to commence when the offender is released from prison. *See State v. Leedy*, 4th Dist. Meigs No. 13CA7 and 13CA8, 2015-Ohio-1718; *State v. Meredith*, 4th Dist. Athens No. 02CA5, 2002-Ohio-4508; *State v. Kinder*, 5th Dist. Delaware No. 03CAA12075, 2004-Ohio-4340; *State v. O'Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752; *State v. Boylen,* 5th Dist. Tuscarawas No.

---

[5]The offenses in *Martin* and *Carswell* were felonies.

2012AP060039, 2012-Ohio-5503; *State v. Ramsey*, 6th Dist. Wood No. WD-04-004, 2004-Ohio-5677; and *Randolph*.

**{¶45}** It is my view that the holding in *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 800 N.E.2d 874, is limited to prohibiting trial courts from "impos[ing] consecutive jail sentences." *Id*. at the syllabus. Under Ohio's sentencing statutes, trial courts can only impose jail sentences for misdemeanor offenses or as part of a community control sanction.

**{¶46}** It is also my view that *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, is not applicable to the issues raised in this case. The Ohio Supreme Court held in *Anderson* that "[a] trial court cannot impose a prison term and a no-contact order [which is a community control sanction] for the *same* felony offense." (Emphasis added.) *Id*. at ¶ 1. Thus, it is my view that the en banc majority applies the dicta in *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, too broadly.

**{¶47}** I further believe that the holding in the majority en banc decision, vacating Anderson's sentence for the identity fraud count, essentially removes the trial court's sentencing discretion. When sentencing Anderson for identity fraud, the trial court had the option of either sentencing him to prison or community control sanctions. If the en banc majority's interpretation is correct, then any community control sanctions that the trial court imposed would have to be served concurrent to the prison term. But if Anderson is in prison, he would not be able to serve his community control sanction —

rendering both the purposes and principles of sentencing under R.C. 2929.11(A) and the trial court's discretion under R.C. 2929.13(A) meaningless.

{¶48} Additionally, the majority en banc decision's approach eliminates a trial court's discretion to impose community control sanctions on a separate felony count but would leave intact the trial court's authority to impose a prison term on that same count and order the prison term consecutive to the other felony counts (provided the trial court complies with the consecutive sentence findings under R.C. 2929.14(C)(4)). Such an approach also directly contravenes R.C. 2929.11 and the General Assembly's directive that trial courts use "the minimum sanctions" necessary to accomplish the purposes and principles of felony sentencing. I cannot agree that any decision from the Ohio Supreme Court sought to eliminate a trial court's discretion and authority to impose a less restrictive sanction on a separate felony count.

{¶49} Moreover, it is axiomatic that an offender *cannot* serve a sentence of community control sanctions *while in prison*. Thus, community control sanctions must begin when an offender is released from prison. Because of this, it is my view that a trial court need not even use the words "consecutive" or "concurrent" when sentencing an offender to prison on one felony offense and community control sanctions on a separate felony offense because community control sanctions cannot commence until the offender is released from prison.

{¶50} I fear that the holding in the en banc majority decision will have far reaching effects in removing a trial court's discretion when sentencing a defendant. For example,

under the en banc majority's decision, trial court judges will no longer be able to sentence defendants to prison for an offense in one case and to community control sanctions for an offense in a separate case, as the trial court judge in *Molina* did. *See id.*, 8th Dist. Cuyahoga No. 83166, 2004-Ohio-1110 (defendant was charged with drug trafficking in January 2001; while that case was still pending, defendant was charged with drug trafficking in another case; trial court sentenced defendant to six months in prison for the first case and "consecutive four years" of community control sanctions for the second case). Nor will a trial court judge be able to sentence a defendant to community control sanctions for an offense and order that it commence after the defendant completes a prison sentence for a separate case in another county, or state for that matter. There are endless scenarios where trial court judges will now lose their ability to sentence defendants within their sound discretion — because although the sentencing statutes cannot address every possible situation (and thus, are silent on the matter), it simply would not make sense to interpret the law any other way.

{¶51} Thus, based on well-established law in this district and others, I would answer the en banc question (and the issue raised sua sponte by this court) in the affirmative, and hold that a trial court has the authority to impose a prison term on one felony offense and community control sanctions on a separate felony offense, and order the community control sanctions commence upon the defendant's release from prison.