[Cite as *State v. Horner*, 2016-Ohio-7608.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103719**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARISSA C. HORNER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593413-B and CR-15-594917-B

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 3, 2016

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
55 Public Square, Suite 2100
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Melissa Riley
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Marissa C. Horner appeals the sentence imposed in two underlying cases, Cuyahoga C.P. Nos. CR-15-593413-B and CR-15-594917-B. Upon review, we affirm the maximum prison sentence imposed in case No. CR-15-594917-B, we vacate the imposition of consecutive sentences and the sentence imposed in case No. CR-15-593413-B, and we remand the matter to the trial court for resentencing in case No. CR-15-593413-B and modification of the judgment entry in case No. CR-15-594917-B.

{¶2} In case No. CR-15-593413-B, appellant pleaded guilty to trafficking, amended to a fourth-degree felony, with forfeiture specifications. All remaining counts were nolled.

{¶3} In case No. CR-15-594917-B, appellant pleaded guilty to compelling prostitution, a third-degree felony, amended to include the names of the victims. All remaining counts were nolled.

{¶4} At sentencing, in case No. CR-15-594917-B, the court imposed a maximum prison sentence of 36 months in prison. In case No. CR-15-593413-B, the court imposed community control sanctions for three years. As a condition of the community control, if found eligible, appellant was ordered into the community based correctional facility program. The court ordered the sentences to be served consecutively, with the community control sanctions to commence upon the completion of the prison term. The court also imposed five years of mandatory postrelease control.

**{¶5}** Appellant timely filed this appeal. She raises two assignments of error for our review. Under her first assignment of error, appellant claims the trial court erred in failing to notify her of the consequences of failing to comply with the requirements of community control. Under her second assignment of error, appellant claims the trial court erred in sentencing her to the maximum sentence in case No. CR-15-594917-B and to consecutive terms of incarceration.

**{¶6}** First, we address the sentence imposed in case No. CR-15-593413-B. Appellant claims the court failed to inform her of the prison term she could receive if she violated her community control sanctions. A review of the record reflects otherwise. At sentencing, the trial court notified appellant that if she failed to comply with her community control sanctions, the court could sentence her to a prison term of up to 18 months. Further, insofar as appellant complains the journal entry contains a flawed reference to "two years community control sanctions," rather than the three-year sentence that was actually imposed and as is also reflected in the entry, this error would be subject to a nunc pro tunc correction. Nonetheless, as discussed below, we must vacate the sentence.

**{¶7}** Appellant also claims that the trial court erred in imposing consecutive sentences, challenging the court's findings. Because the trial court lacked authority to impose consecutive sentences, we need not even address its findings.

**{¶8}** Although a trial court has discretion in imposing a sentence, the sentence imposed must be within the boundaries of the legislative grant of authority. *State v.*

*Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 1. As an intermediate appellate court, we are bound to apply the statutory language as written and must adhere to the clear precedent of the Ohio Supreme Court. *Id.* In this case, the trial court imposed a sentence beyond that which it was authorized to impose.

{¶9} Trial courts may only impose sentences that are expressly *authorized* by statute, as opposed to sentences that are *not prohibited* by statute. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 13. Moreover, trial courts are duty-bound to apply sentencing laws as they are written and have no inherent power to create sentences. *Id.* at ¶ 10. As a general rule, pursuant to R.C. 2929.41(A), a sentence of imprisonment is to be served concurrently with any other sentence of imprisonment, and only limited delineated exceptions exist. *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, ¶ 11.

{¶10} At issue here is whether a trial court may impose consecutive service of community control sanctions to a prison term. Recently, in *Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, the en banc majority of this court answered the question in the negative. In that decision, the majority held: "Because there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, [a] trial court [is] without authority to impose the same." *Id.* at ¶ 31.

{¶11} As discussed in *Anderson*, "[a] term of residential sanctions cannot be imposed consecutive to a prison term because as the Ohio Supreme Court recognized,

residential sanctions are sentences of imprisonment." *Id*. at ¶ 15, citing *Barnhouse* at ¶ 12. Such sentences must be served concurrently due to the lack of an exception to the general rule in R.C. 2929.41(A). *Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, at ¶ 12; *Barnhouse* at ¶ 18. Additionally, due to "the absence of an express grant of authority to order the imposition of nonresidential sanctions to be served consecutive to prison terms, those sanctions cannot be so imposed." *Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, at ¶ 19. As found in *Anderson*, "we can only conclude that the legislature limited the trial court's authority — to impose community control sanctions to be served following the offender's release from a prison term — to certain felony offenses [delineated under R.C. 2929.15(A)(1)]." *Id*. at ¶ 30.

{¶12} Because the trial court was without authority to impose community control sanctions consecutive to a prison sentence, the sentence imposed in case No. CR-15-593413-B is void and must be vacated.[1]

{¶13} Next, we address the sentence imposed in case No. CR-15-594917-B. Appellant challenges the trial court's imposition of the maximum sentence. A trial court is not required to make any factual findings before imposing a maximum sentence. *State*

---

[1] We note that R.C. 2967.29 provides a method for the court of common pleas to cooperate with the department of rehabilitation and correction in supervising offenders under parole or postrelease control. "The court, after consultation with the board of county commissioners, may enter into an agreement with the department allowing the court and the parole board to make joint decisions relating to parole and post-release control to the extent permitted by section 2967.28 of the Revised Code." R.C. 2967.29(A). If such an agreement were in place, the court could cooperate in structuring the guidelines of the defendant's post-prison monitoring. R.C. 2967.29(B)(6).

*v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 14. Therefore, we review the trial court's sentence to determine if the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. East*, 8th Dist. Cuyahoga No. 102442, 2015-Ohio-4375, ¶ 6.

{¶14} Here, the trial court imposed a sentence within the statutory range, and the journal entry states that "[t]he court considered all required factors of the law." At sentencing, the trial court stated it had reviewed the presentence investigation report, the TASC assessment report, and a letter from appellant. The court indicated it heard the testimony adduced at the trial of appellant's codefendant. The court heard from one of the victims at appellant's sentencing hearing. Defense counsel presented the court with mitigating evidence, and appellant personally addressed the court. Accordingly, because the sentence was within the permissible statutory range and the trial court considered the required factors of law, appellant's maximum sentence is not contrary to law.

{¶15} Upon review, we affirm the 36-month maximum sentence imposed in case No. CR-15-594917-B; we vacate the imposition of consecutive sentences and the sentence imposed in case No. CR-15-593413-B; and we remand the matter to the trial court for resentencing in case No. CR-15-593413-B and modification of the judgment entry in case No. CR-15-594917-B.

**{¶16}** Judgment affirmed in part, vacated in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS WITH SEPARATE OPINION

MARY J. BOYLE, P.J., DISSENTING:

**{¶17}** I respectfully dissent. I disagree with the majority that the "trial court imposed a sentence beyond that which it was authorized to impose." It is my view that this case is distinguishable from our recent en banc decision, *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044. In *Anderson*, the majority en banc decision held that a trial court could not sentence an offender to prison for one felony offense and community control sanctions for a separate felony offense — in the same case — and

order the community control sanctions to commence once the offender is released from prison. *See id.* But in this case, unlike in the facts in *Anderson*, the trial court imposed a 36-month prison sentence for a felony offense in *one case* and three years of community control sanctions for a felony offense in *a separate case*. As I cautioned in my dissent in *Anderson*, the majority is already attempting to extend *Anderson* beyond its holding. *See id.* at ¶ 50 (Boyle, J., dissenting).

{¶18} As I emphasized in my dissent in *Anderson*, it is my view that *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874, and *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, do not apply to the facts in our en banc *Anderson* decision, nor do they apply to the facts in the present case. In *Barnhouse*, the Ohio Supreme Court explicitly addressed *only one question*, stating at the outset of its opinion: "[t]he issue presented in this case is whether a trial court may impose consecutive jail sentences under R.C. 2929.16(A)(2)." *Id.* at ¶ 1. The Supreme Court answered *that* question "in the negative," thus preventing trial courts from imposing "consecutive jail sentences." *Id*. at the syllabus.

{¶19} Likewise, the Ohio Supreme Court's *Anderson* decision only addressed the question: "If a defendant is sentenced to prison for a term of incarceration, does the trial court have authority to issue against the defendant, a 'no contact' order with the victim?" *Id.* at ¶ 1. The court answered that question "in the negative" as well, holding that "[a] trial court cannot impose a prison term and a no-contact order *for the same felony*

*offense*." (Emphasis added.) *Id.* As I previously stated, the majority applies the dicta in the Supreme Court's *Anderson* case too broadly. *See Anderson* at ¶ 46.

{¶20} The facts in the present case are directly analogous to the facts in *State v. Molina*, 8th Dist. Cuyahoga No. 83166, 2004-Ohio-1110, where this court upheld the trial court's imposition of a prison term for a felony offense in one case and community control sanctions for a felony offense in a separate case, which were to commence upon the defendant's release from prison from his sentence in the first case.[2] *See id.*

{¶21} The majority now wants to remove a sentencing judge's discretion when sentencing a defendant for felony convictions in *two separate cases*. Again, as I stated in my dissent in our en banc majority decision, the majority's interpretation of *Barnhouse* and the Supreme Court's *Anderson* makes no sense in light of R.C. 2929.11, where the General Assembly mandated that trial courts use "the minimum sanctions" necessary to accomplish the purposes and principles of felony sentencing. *See Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 48 (Boyle, J., dissenting). Indeed, the majority would have upheld Horner's sentence had the trial court imposed 36 months in prison for the third-degree felony in the first case (as it did) and six to eighteen months in prison for the fourth-degree felony in the second case (the range for fourth-degree felonies), and ordered them to be served consecutively, for an aggregate sentence of a

---

[2] The trial court judge in *Molina* was Judge Burt W. Griffin. Judge Griffin served on the Ohio Criminal Sentencing Commission, which was responsible for the major sentencing overhaul in S.B. 2. Judge Griffin also co-wrote the "bible" on Ohio felony sentencing law. *See* Griffin and Katz, *Ohio Felony Sentencing Law* (Thompson West 2007).

possible 54 months in prison — rather than 36 months in prison and three years of community control sanctions. Again, I stress that the majority's interpretation of *Barnhouse* and *Anderson* is counterintuitive and against the overriding principles and purposes of Ohio's felony sentencing laws.

{¶22} Thus, it is my view that the trial court in this case was fully within its power to order defendant-appellant, Marissa Horner, to begin serving her sentence in the second case once she served her prison sentence in the first case, i.e., the trial court could order Horner to begin serving her community control sanctions for the second case once she was released from prison in the first case.

{¶23} I would therefore affirm the trial court's sentence in its entirety: 36-months in prison for Cuyahoga C.P. No. CR-15-594917-B, and three years of community control sanctions for Cuyahoga C.P. No. 15-593413-B, to commence upon Horner's release from prison in Cuyahoga C.P. No. 15-594917-B.