THE STATE OF OHIO, APPELLEE,
v. CRISS, APPELLANT.

(No. 54016 — Decided June 27, 1988.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellee.

*Paul Mancino, Jr.,* for appellant.

NAHRA, C.J. On February 16, 1982, appellant, Kenneth Criss, Sr., was indicted on one count of felonious assault. At his arraignment, he entered a plea of not guilty. At the conclusion of his trial, appellant was found guilty and sentenced to three to fifteen years in prison.

On February 25, 1985, this court reversed and remanded appellant's conviction in case No. 48350.

Upon remand, appellant pled guilty to the lesser offense of aggravated assault. On June 10, 1986, appellant was sentenced to one year in prison plus court costs. Execution of the sentence was suspended and appellant was placed on one-year probation to be transferred to West Virginia.

On May 20, 1987, the trial court extended appellant's probation to June 2, 1988.

Appellant timely appeals, asserting one assignment of error:

"The defendant was denied due process of law when his probation was extended, without notice, or an opportunity to be heard by the court."

Appellant contends the trial court erred in unilaterally extending his probation. We disagree.

R.C. 2951.07 provides in pertinent part:

"Probation under section 2951.02 of the Revised Code continues for such period as the judge or magistrate determines, and may be extended. The total period of probation shall not exceed five years* * *."

This court, in *State* v. *Tresville* (Feb. 6, 1975), Cuyahoga App. Nos. 33625 and 33626, unreported, has determined that the trial court is vested with the discretion to extend probation within the confines of R.C. 2951.07. According to the court in *Tresville,* the trial court may not arbitrarily, with no rational basis for decision, extend the period of probation. In *Tresville,* the trial court fined appellant in the amount of $3,500, suspended sentence of one year in prison, and placed appellant on probation for one year. Upon review, this court decided that nonpayment of the $3,500 fine served as a rational basis for the imposition by the trial court of an extension of probation.

In the instant case, we are confronted with a similar factual issue. Appellant was sentenced to one year in prison plus court costs. His sentence was suspended and he was placed on probation for one year. A review of the docket clearly reflects that appellant has not paid any part of the $866.85 costs as charged. Thus, we hold that the trial·court acted within its discretion when it extended appellant's probation period without a hearing for the nonpayment of court costs.

*Judgment affirmed.*

J.V. CORRIGAN and MARKUS, JJ., concur.