**CITY OF COLUMBUS, Appellee,**

**v.**

**TODD, Appellant.**

[Cite as *Columbus v. Todd* (1991), 74 Ohio App.3d 774.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1425.

Decided July 18, 1991.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, and *Thomas K. Lindsey,* for appellee.

*James Kura,* Franklin County Public Defender, and *David L. Strait,* for appellant.

WHITESIDE, Judge.

Defendant, Calvin Todd, appeals from a judgment of the Franklin County Municipal Court extending his period of probation for two additional years and raises two assignments of error, as follows:

"1. The trial court committed reversible error by summarily extending the period of probation previously imposed without prior notice and in the absence of evidence sufficient to warrant the extension.

"2. The trial court erred and deprived appellant of due process of law as guaranteed by the United States and Ohio Constitutions by extending appellant's probation without adequate prior notice and in the absence of sufficient evidence to justify the extension."

Defendant was originally charged with driving a motor vehicle while his driving license was suspended in violation of Columbus City Codes ("C.C.") 2135.07. Following a plea bargain, defendant pled guilty to the charge of driving a motor vehicle without an operator's license in violation of C.C. 2135.01. The trial court sentenced defendant to one hundred and eighty days' imprisonment, which was suspended upon condition of three years' probation,

the conditions of which were to make restitution to the owner of the automobile involved in the accident from which the charges arose and for defendant to serve eighty hours of voluntary community service, as well as to abide by all regular rules and regulations of probation.

There is no contention that defendant violated any special condition of probation; however, a restitution officer of the probation department filed a charge against defendant that he had violated probation rule number one, which provides that a probationer shall not violate any law. The contention was that this purported rule was allegedly violated by defendant's being charged with a new driving-law violation and entering a guilty plea thereto on September 18, 1990, the original three-year probation having been imposed on December 11, 1989.

A probation hearing was scheduled, and when defendant appeared it was continued because he had no counsel. Later, defendant appeared with counsel, who explained to the trial court, as defendant had earlier, that, although he pled guilty to the charge of driving without an operator's license, he in fact had a temporary permit at that time and was riding with a licensed driver, his wife, in her automobile. Defendant appeared in response to that traffic charge, without counsel, and stated that the following occurred:

"He [the judge] just told me, he said I should show up with an operator's license. I said, 'Well, I had my wife in the car, and I had a temporary permit.' He said 'You want to resolve the matter?' I said, 'Yes.' He said, 'Well, pay $200 and court costs.' I said, 'Okay,' and that was it."

It is also undisputed that defendant did in fact obtain an operator's license twenty-five days after the date of the violation and had one at the time of the probation revocation hearing.

Without finding a probation violation and without further elucidation, the trial court indicated that probation would not be revoked but would be extended for two additional years. The trial court did make certain comments concerning the license plates upon defendant's wife's vehicle, which defendant was operating at the time of the offense. The trial court indicated that the automobile had license plates belonging to another vehicle. Defendant indicated that his wife had purchased a different vehicle less than thirty days before and was still operating with the plates from the old vehicle and had not yet changed the registration. After extending the probation, the only comment by the trial court was, "Don't mess up in the future, and you won't have any more problems with me. You don't drive a vehicle with plates registered to another vehicle." Apparently the trial court did not know that a thirty-day period is allowed by law for registering the transfer of license plates for one vehicle to another when the vehicle to which the plates were originally

registered is sold and a different vehicle is purchased. In fact, the law requires that the old plates be displayed on the newly acquired vehicle and allows thirty days for registering the transfer and paying the appropriate one and one-half dollar fee. Temporary tags cannot be obtained if it is possible to use plates which could legally be transferred to the newly acquired vehicle. R.C. 4503.182(A), 4503.12(C), and 4503.10. To what extent the trial court's action was predicated upon this misapprehension is not apparent from the record, although the record contains no other explanation for the action.

■ R.C. 2951.07 provides in pertinent part that:

"Probation under section 2951.02 of the Revised Code continues for the period that the judge or magistrate determines and, subject to divisions (H)(1)(a) and (2) of that section, may be extended. Except as provided in divisions (H)(1)(a) and (2) of that section, the total period of probation shall not exceed five years. * * * "

Although there is no such express provision in R.C. 2951.02(H)(1), the obvious intent of the statute is that, if the defendant agrees to do supervised community service work under that section and does so, the period of probation cannot be extended. Otherwise, there would be no reason for the reference to R.C. 2951.02(H)(1)(a) and (2). Those divisions merely provide for supervised community service work as a condition of probation, provided the offender agrees to perform the work offered as a condition of probation. In return for such agreement, the import of reading the sections together is that the period of probation cannot be extended.

Here, there are three reasons why the trial court abused its discretion in extending the probation. First, as indicated above, such extension is not contemplated in situations where the offender agrees to perform supervised community service. The present version of R.C. 2951.02 and 2951.07 became effective November 20, 1990. However, they are appropriately applied here because the proceedings were subsequent to the effective date of the amended statute, the initial continued hearing being on November 28, 1990, and the hearing resulting in the order of extension of the probation being on December 4, 1990.

Second, as held in *State v. Criss* (1988), 55 Ohio App.3d 238, 563 N.E.2d 727, a "trial court may not arbitrarily, with no rational basis for a decision, extend the period of probation." Here, as indicated above, we are unable to find a rational basis for extension of probation stated by the trial court, who did not make a finding of a probation violation. Third, unless there is a probation violation, there ordinarily can be no rational basis for extension of probation, although some cases like *Criss* suggest that, where a violation is apparent from the record, the trial court need not conduct a hearing prior to extending

the period of probation. However, the cases do not hold that the trial court has an unfettered discretion to extend the period of probation arbitrarily without a rational basis. Here, as indicated, the only basis stated by the trial court related to the license plates on defendant's wife's automobile. For the reasons set forth above, this is not a rational basis for extending the term of probation, even if the trial court has a discretion to do so despite the 1990 amendment to R.C. 2951.07, in light of defendant's voluntarily performing supervised community service. For these reasons, the first assignment of error is well taken.

By the second assignment of error, defendant contends that the trial court failed to conduct a proper hearing with respect to extending probation. We did hold in *State v. Zeiszler* (1984), 19 Ohio App.3d 138, 19 OBR 227, 483 N.E.2d 493, that a full due process hearing is not necessarily required in connection with extending the period of probation. We did not suggest that no due process rights attached. Nevertheless, that is not the issue here since a hearing was conducted. The basic problem is in the respects set forth in discussing the first assignment of error. The problem here is that the trial court never advised defendant of the reason for the extension of probation other than the erroneous reference to the license plates on defendant's wife's vehicle. The trial court apparently did not rely upon the uncounseled guilty plea to another charge before another judge where the only information is that defendant is technically not guilty of the charge but was influenced by the court to enter the plea in exchange for a fine. Neither in the trial court nor in this court has the city indicated that defendant's explanation of what happened is incorrect. Nevertheless, we find no prejudice even if there be error with respect to the extent of the hearing. The second assignment of error is not well taken.

For the foregoing reasons, the first assignment of error is sustained, and the second assignment of error is overruled, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court with instructions to set aside the order extending the period of probation.

*Judgment reversed*
*and cause remanded*
*with instructions.*

McCORMAC and PETREE, JJ., concur.