[Cite as *State v. Stanley*, 2016-Ohio-1540.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103152

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# NATHANIEL L. STANLEY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571958-A and CR-13-572416-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**FOR APPELLANT**

Nathaniel L. Stanley, pro se
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    John Farley Hirschauer
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Nathaniel L. Stanley, brings this delayed appeal challenging the prison sentence he received in two separate cases. He argues that his one-year term of community control ended and the court did not properly extend that period. Therefore, the court could not have sentenced him to prison after he violated terms of his community control. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** On August 2, 2013, appellant entered guilty pleas to charges in two cases. In Cuyahoga C.P. No. CR-13-572416-A, appellant pled guilty to one count of fourth-degree felony drug possession, a violation of R.C. 2925.11(A), and one count of fifth-degree felony drug possession, a violation of R.C. 2925.11(A)(2). These charges carried forfeiture specifications for cash and a cell phone. Two other charges were dismissed as part of the plea agreement. In Cuyahoga C.P. No. CR-13-571958-A, appellant pled guilty to one count of fifth-degree felony drug trafficking, a violation of R.C. 2925.11(A). This charge had been reduced from a third-degree felony and two other counts were dismissed as part of the plea agreement. The charge to which appellant pled guilty also included forfeiture specifications for cash and a cell phone.

**{¶3}** A sentencing hearing was conducted on October 16, 2013. The court imposed a one-year period of community control that included six months in a community-based correctional facility. The court also imposed costs. Appellant was informed that if he violated community control he would be subject to a total of three and

one-half years in prison. The court gave appellant a stern warning about the consequences of violating community control because the court was taking a chance on appellant to get him help with his claimed drug addiction.

{¶4} On June 4, 2014, entries on the docket of appellant's two criminal cases indicated that he could complete court community work service ("CCWS") in lieu of court costs and supervision fees as requested by the probation department.

{¶5} Docket entries filed September 24, 2014 in appellant's two lower court cases reflect that appellant's term of community control was extended to April 16, 2014. These docket entries state, "[p]er request from probation officer Hoiseth; Defendant's supervision is extended to 4/16/2015 to complete community work service and IOP." The docket does not reflect a hearing regarding this order and the transcripts included in the record do not evidence a hearing.

{¶6} On January 13, 2015, the court held a community control violation hearing. Appellant appeared and was represented by counsel. According to evidence adduced at the hearing, appellant had violated the terms of his community control when he failed to attend mandatory after care drug treatment sessions and twice tested positive for drug use. The court imposed a prison sentence totaling two and one-half years as a result of the violations. The court imposed an additional 30-day jail term after appellant cursed during the hearing.

{¶7} Appellant filed this delayed appeal with leave of this court arguing the following error:

I. [The] trial court's [September 24, 2014] journal entry is void/void ab initio on its face since the sua sponte order extending supervision/community control was ineffective leaving [the] trial court without jurisdiction to impose any prison term for any violation after the one year community control supervision had expired.

## II. Law and Analysis

**{¶8}** Appellant claims the court's journal entry extending the period of his community control was ineffective because appellant was not provided with notice and a hearing.

**{¶9}** R.C. 2951.07 gives a court the authority to extend community control sanctions so long as the total period of community control does not exceed five years. When the court extends a period of community control, it must have a rational basis for so doing. *State v. Washington,* 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 29, citing *State v. Rose*, 8th Dist. Cuyahoga No. 70984, 1997 Ohio App. LEXIS 1072 (Mar. 20, 1997). Further, "'the due process procedures required in probation revocation hearings need not be employed in court actions which extend the time one must remain on probation.'" *Rose* at *7, quoting *State v. Jones*, 60 Ohio App.2d 178, 396 N.E.2d 244 (1st Dist.1978), syllabus. *See also Forgues v. United States*, 636 F.2d 1125 (6th Cir.1980). In this line of cases, courts hold that a defendant could waive an opportunity for a hearing by executing a waiver without written notice of the violation or violations.

**{¶10}** In the normal course, a hearing waiver is executed relieving the court of any obligation to hold a hearing to extend the duration of community control. That was the procedure employed in several cases to avoid the argument appellant raises herein. *See, e.g., Rose* at *7. In the present case, there is no evidence of a hearing waiver.

**{¶11}** Even without a signed waiver, appellant may waive his due process rights by acquiescence. *State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711. In *Swails*, this court was faced with the same situation presented in the present case. The trial court twice extended Swails's term of community control without written notice or a hearing. *Id.* at ¶ 3. After each extension, Swails continued to report to his probation officer, and continued to make partial payments toward restitution and court costs. This court held,

> Swails's argument that he lacked notice of the two extensions is unpersuasive because Swails continued to report to his probation officer for the duration of both extensions, and he continued to make partial payments, which spanned a period of two years. Swails could not have continued to report without first having notification of the extensions. This knowledge afforded Swails the opportunity to appeal the extensions at the time they were imposed if he felt they were improper. The record is clear that Swails did not appeal from either extension. "By * * * submitting himself to the jurisdiction of the court over his person by accepting the extension of community control and complying with its terms for more than a year before the motion to revoke was filed, appellant has waived any error in the court's failure to give him notice and a hearing at the time of the * * * extension of community control." *State v. Carpenter*, 5th Dist. Stark No. 2008 CA 00238, 2009-Ohio-4759, ¶ 16. Therefore, by acquiescing to the terms of both extensions, we find that Swails has waived any alleged error regarding their imposition.

*Id.* at ¶ 8.

**{¶12}** The present case represents the same situation. Appellant's term of community control was extended by one year in order to give appellant time to pay his court costs. Appellant continued to report even though his original term had expired. He did not appeal the extension or otherwise object.

**{¶13}** Similarly, this court found the extension of probation without notice or a hearing was justified where a probationer failed to pay court costs. *State v. Criss*, 55 Ohio App.3d 238, 563 N.E.2d 727 (8th Dist.1988). There, this court held, "[a] review of the docket clearly reflects that appellant has not paid any part of the $866.85 costs as charged. Thus, we hold that the trial court acted within its discretion when it extended appellant's probation period without a hearing for the nonpayment of court costs." *Id.* at 238.

**{¶14}** The Fifth District has reached the same conclusion when addressing a similar case. *Carpenter*, 5th Dist. Stark No. 2008 CA 00238, 2009-Ohio-4759. The *Carpenter* court held that the appellant had waived any claimed error in the extension of his community control without notice or a hearing:

> Appellant's claim that the court erred in extending his community control without notice and a hearing is either a claim that the court lacked personal jurisdiction over him at the time it extended community control, or violated his procedural due process rights in the extension of community control. By failing to appeal the order extending community control, failing to move to dismiss the motion to revoke his probation for want of jurisdiction and

submitting himself to the jurisdiction of the court over his person by accepting the extension of community control and complying with its terms for more than a year before the motion to revoke was filed, appellant has waived any error in the court's failure to give him notice and a hearing at the time of the February 10, 2006, extension of community control.

*Id*. at ¶ 16.

**{¶15}** Here, appellant failed to timely object or appeal the extension of his community control. As a result, the trial court's order extending his probation was not void ab initio as appellant claims.

### III. Conclusion

**{¶16}** Appellant continued to comply with his community control requirements even after the initial term expired. Appellant did not appeal from this extension or otherwise object. Appellant had notice of the extension and the reason for the extension was for the failure to pay court costs or complete CCWS. This violation is of a ministerial nature and the resultant extension did not deprive appellant of his due process rights where he waived objection.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR