[Cite as *State v. Hatcher*, 2017-Ohio-109.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### No. 104780

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MICHAEL D. HATCHER

DEFENDANT-APPELLANT

# JUDGMENT:
VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595831-A

**BEFORE:** E.A. Gallagher, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 12, 2017

**ATTORNEY FOR APPELLANT**

Michael D. Hatcher, pro se
Inmate No. #673-709
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Michael Hatcher appeals the denial of two motions to vacate a void sentence in the Cuyahoga County Court of Common Pleas. For the following reasons, we vacate.

**Factual and Procedural Background**

{¶2} On September 15, 2015, Hatcher plead guilty to grand theft. At sentencing, the trial court imposed one year of community control sanctions including an indefinite term of confinement in either a community-based correctional facility ("CBCF") or the county jail. The sentence included the following proviso:

> This sentence is to begin upon his release from Lorain Correctional Institution in the Lake County Case: 15-CR-000206. Defendant is to be assessed for CBCF upon his release from Lorain Correctional Institution. The one year supervision does not begin until he is returned from Lorain Correctional Institution to begin this sentence.

{¶3} On April 22, 2016, Hatcher filed a motion to withdraw his guilty plea and/or vacate a void sentence, arguing that the trial court failed to make the required findings under R.C. 2929.14(C)(4) for the imposition of consecutive sentences.[1] The trial court denied the motion finding that R.C. 2929.14(C)(4) was inapplicable to a sentence of community control sanctions. The trial court further denied having imposed a consecutive sentence despite the plain language above.

---

[1] This appeal concerns only Hatcher's challenge to a void sentence. The denial of Hatcher's motion to withdraw his guilty plea is not before this court.

**{¶4}** On May 24, 2016, Hatcher filed a renewed motion to vacate his sentence pursuant to this court's decision in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.). The trial court again denied the motion finding *Anderson* inapplicable because "[t]he court did not order that the sentence be served concurrently or consecutively but it did order that the sentence be served." The trial court then contradicted the above-quoted provision from its original sentencing entry and found that Hatcher had failed to appear before the court's probation department as ordered and issued a warrant for his arrest.

**{¶5}** This court granted a motion for a delayed appeal challenging the denial of the above motions.

**Law and Analysis**

**I. The Imposition of Community Control Sanctions Consecutive to a Prison Term**

**{¶6}** In his sole assignment of error, Hatcher argues that trial court erred in imposing community control sanctions to be served consecutively to a prison term.

**{¶7}** In *Anderson*, this en banc court held that "[b]ecause there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same." *Id.* at ¶ 31. This court concluded that such a sentence was void. *Id.* at ¶ 31.

**{¶8}** By the plain language of the trial court's sentencing entry quoted above the trial court attempted to order community control sanctions to be served consecutive to, or

following the completion of, a prison term. The reasoning behind *Anderson* provides no exception that would authorize a consecutive community control sentence where the prison term it is to follow was imposed in another county. We do not find any merit in the state's argument that the trial court merely held the community control sanction sentence "in abeyance" until Hatcher was released from prison. Such an interpretation would eviscerate the rule of *Anderson*.

{¶9} Although the state argues that Hatcher's argument is preclued by the doctrine of res judicata, it is well established that a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.

{¶10} We find Hatcher's sentence to be void.[2]

{¶11} Hatcher's sole assignment of error is sustained.

{¶12} Hatcher's sentence is vacated.

This cause is vacated and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] We also note that the trial court's sentencing entry includes indefinite terms of jail and CBCF sanctions in violation of R.C. 2929.16(A). *See, e.g., State v. Abernathy*, 8th Dist. Cuyahoga No. 102716, 2015-Ohio-4769, fn. 2; *State v. Moore*, 8th Dist. Cuyahoga No. 102242, 2015-Ohio-3233, ¶ 8.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., CONCURS;
MARY J. BOYLE, J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


MARY J. BOYLE, J., DISSENTING WITH SEPARATE OPINION

{¶13} Respectfully, I dissent and would affirm the trial court.

{¶14} R.C. 2951.07 supports the notion that a community control sanction ("CCS") is to be served after a prison by operation of law. It states, "if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time the offender is brought before the court for its further action." I disagree with the majority that the trial court imposed a consecutive sentence; R.C. 2929.14(C)(4) therefore is inapplicable in this case. Instead, the trial court properly ordered that the CCS be served in accordance with the express terms of R.C. 2951.07