[Cite as *State v. Slaughter*, 2017-Ohio-387.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104391**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GERALD L. SLAUGHTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-585090-A and CR-15-602216-A

**BEFORE:** E.T. Gallagher, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 2, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Gerald Slaughter ("Slaughter"), appeals his sentence and raises the following three assignments of error:

> 1. In 2014, Mr. Slaughter was illegally placed on community control sanctions for Count five in CR 585090; accordingly, he could not be punished for a violation of those community control sanctions in 2016.
>
> 2. Mr. Slaughter could not be sentenced to 18 months imprisonment on Count five in CR 585090 when the trial court never advised him that a violation of community control sanctions could result in an 18 month sentence.
>
> 3. Assuming arguendo that Mr. Slaughter could be placed on community control sanctions in CR 585090, the jail time credit for CR 602216 was required to be 261 days, not the 77 days credited.

{¶2} We find merit to the appeal affirm in part and reverse in part.

## I.   Facts and Procedural History

{¶3} In Cuyahoga C.P. No. CR-14-585090-A, Slaughter pleaded guilty to one count of burglary, one count of domestic violence, and one count of menacing by stalking. The court sentenced Slaughter to 12 months in prison on the burglary conviction and 18 months in jail on the domestic violence conviction, to be served concurrently with the 12-month prison term. The court also sentenced Slaughter to three years of community control sanctions on the menacing by stalking conviction, to be served consecutive to the two terms of incarceration on the other charges. The sentencing entry provided that Slaughter could be sentenced to prison for 18 months if he violated the terms of the community control sanctions.

**{¶4}** Slaughter later pleaded guilty to one count of failure to provide notice of change of address in Cuyahoga C.P. No. CR-15-602216-A, and the court sentenced Slaughter to nine months in prison in that case. The court also sentenced Slaughter to 18 months in prison for violating the terms of his community control sanctions in Case No. CR-14-585090-A. He now appeals his 18-month prison sentence.

## II. Law and Analysis

**{¶5}** In the first assignment of error, Slaughter argues he could not be sentenced to 18 months in prison for a community control violation because the court lacked authority to sentence him to community control sanctions on his menacing by stalking conviction. We agree.

**{¶6}** In *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 29, an en banc majority of this court recently held that a trial court lacks authority to impose community control sanctions to be served consecutive to a prison term. The sentence in this case is the same type of hybrid sentence *Anderson* addresses. Because the trial court could not legally sentence Slaughter to community control sanctions to be served consecutive to the prison terms on the burglary and domestic violence counts, the community control sanctions portion of his sentence was void and must be vacated. *State v. Horner*, 8th Dist. Cuyahoga No. 103719, 2016-Ohio-7608, ¶ 12.

**{¶7}** The court erred in finding Slaughter in violation of community control sanctions because the community control sanctions were unlawfully imposed. Therefore, the first assignment of error is sustained.

**{¶8}** Having determined the imposition of community control sanctions was void, the second and third assignments of error, which also challenge the validity of the community control sanctions, are moot.

**{¶9}** The trial court's judgment is affirmed in part and reversed in part. All of Slaughter's convictions as well as the sentences on his burglary and domestic violence convictions in Case No. CR-14-585090-A are affirmed. The imposition of community control sanctions on Slaughter's menacing by stalking conviction and the 18-month prison term imposed on the community control violation in CR-14-585090-A are hereby reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for modification and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR