[Cite as *State v. Walker*, 2017-Ohio-7609.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105350

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONNIE WALKER

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-09-526641-B and CR-09-526893-A

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

**FOR APPELLANT**

Donnie Walker, pro se
Inmate No. 661-742
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Brett Hammond
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} This is an accelerated appeal brought under App.R. 11.1 and Loc.App.R. 11.1. In it, Donnie Walker appeals the denial of his motions to vacate his convictions for having weapons while under disability and receiving stolen property in Cuyahoga C.P. No. CR-09-526893-A ("weapon case") and burglary in Cuyahoga C.P. No. CR-09-526641-B ("burglary case"), claiming that the imposition of community control sanctions to be served consecutive to another prison term was void ab initio. We reverse and remand.

{¶2} In the fall of 2010, Walker was convicted in three cases, including the two at the heart of this appeal. In the third case, Cuyahoga C.P. No. CR-10-536783-A, Walker was sentenced to three years in prison. In the burglary case, Walker was sentenced to two years of community control to be served consecutive to that prison term. The trial court expressly stated that Walker "must complete prison term in CR-536783 prior to beginning his community control sanctions sentence *in this case number*." (Emphasis added.) In the weapon case, however, Walker was sentenced to a two-year term of community control with no reference to consecutive service — the trial court indicated only that the conditions of the community control imposed in the burglary case applied to the weapon case. In 2014, Walker violated the community control sanctions on four occasions. By October, Walker's community control was terminated and Walker was imprisoned for an aggregate term of five years, three years on the burglary case and two years on the weapon case. Walker was appointed counsel during the violation

proceedings. In 2016, Walker, acting pro se, filed motions to vacate his void sentence based on *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.). The trial court denied the motions, and this timely appeal followed.

{¶3} This case exemplifies why the adherence to the statutory limitations on sentencing is necessary. One of the goals of the sentencing changes implemented under the rubric of "truth in sentencing" is that the sentence imposed by the judge is the sentence that is served. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 22, citing *Woods v. Telb*, 89 Ohio St.3d 504, 508, 2000-Ohio-171, 733 N.E.2d 1103. In an effort to achieve this, "'[c]urrent felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.'" *Id*. at ¶ 23, quoting *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.).

{¶4} Building upon the Ohio Supreme Court's rationale, in our *Anderson* decision, this court recognized that "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment." *Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), at ¶ 31. As a result, any community control sanctions so imposed "are void as a matter of law." *Id*. at ¶ 11.

{¶5} Part of the unstated rationale behind our *Anderson* decision was that community control sanctions were meant to be an alternative to prison — in other words, once an offender is sentenced to prison on one count, he will have to serve all his

sentences in prison. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 24-28. Postrelease control is the avenue to offer postprison monitoring of offenders. If that is insufficient to rehabilitate or monitor offenders, then the legislature should amend the statutory guidelines. Courts cannot fashion sentences not authorized by statute to achieve these purposes. *Id.* at ¶ 10, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22.

{¶6} We acknowledge that Walker did not attempt to challenge any aspect of the 2010 sentences until after our decision in *Anderson* was released. After our *Anderson* decision, when Walker was left to his own devices and appointed counsel was no longer an option, Walker filed a motion to vacate the 2010 sentences as being void ab initio. A trial court has jurisdiction to correct void sentences. The law favors Walker's position — he cannot be found to be in violation of a void sentence. *State v. Slaughter*, 8th Dist. Cuyahoga No. 104391, 2017-Ohio-387; *State v. Hatcher*, 8th Dist. Cuyahoga No. 104780, 2017-Ohio-109; *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 19 (defendant cannot be found in violation of community control sanctions if the sanctions were void).

{¶7} Additional briefing was sought upon reviewing the final sentencing entry in the weapon case. The trial court did not impose the community control sanctions to be served consecutive to, or to commence upon the completion of, the prison term as it had in the burglary case. The default, in this situation, is to consider the sentence to be concurrent with the prison term. *Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, at ¶ 19 (8th

Dist.). As a result, in the weapon case, Walker's sanctions expired sometime in 2012, two years before the alleged violations occurred. A trial court speaks through its journal, and whether the trial court intended to impose the sanctions to be served following Walker's release from prison is immaterial. Although the trial court indicated that the terms of the sanctions imposed in the weapon case were identical to the ones imposed in the burglary case, the consecutive service of the community control sanctions in the burglary case was expressly limited to that case number alone. The trial court's journal entries are not ambiguous.

{¶8} In response, the state argues that under R.C. 2929.15(A)(1), the community control sanctions toll while Walker was serving his prison sentence. We find no merit to the state's argument or characterization of R.C. 2929.15(A)(1).

{¶9} R.C. 2929.15(A)(1) provides that

> [t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

The state focuses on the language "[i]f the offender is confined in any institution for the commission of any offense while under a community control sanction" as the statutory authorization to toll concurrent community control sanctions until the offender is released from prison or jail. According to the state, the community control sanctions in the weapon case tolled during the time Walker served his prison sentence despite the fact that

both sentences were imposed on the same day. A plain reading of the statute does not lend itself to the state's interpretation.

{¶10} The legislature unambiguously limited the tolling provision under R.C. 2929.15(A)(1) to situations in which the offender commits an offense while under a community control sanction, in which case those sanctions are not affected by the subsequent criminal activity. In other words, if an offender commits a crime while on community control, the defendant cannot receive the benefit from being imprisoned on the new crime as it relates to the older sanction — the trial court must bring the offender back on the first case to reassess. In this case, Walker did not commit the offenses in CR-10-536783-A while he was serving the community control sanction in the weapon case — those sentences were imposed on the same day. The tolling provision in R.C. 2929.15(A)(1) is not applicable.[1]

---

[1]In *Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 19 (8th Dist.), we noted that some statutory sections focus on the execution of a community control sanction, not the implementation of the sentence. *Id.* (R.C. 2951.07, providing that community control sanctions cease to run if the offender is confined in any institution for the commission of an offense, guides courts on executing the community control sanctions and does not control how community control sanctions are to be implemented.) We note that R.C. 2929.15(A)(1) provides for situations in which the offender is confined in any institution for the commission of any offense while under a community control sanction, and R.C. 2951.07 broadens that to situations in which the offender is confined for the commission of any offense. The differing language could support an argument that R.C. 2951.07 provides for the tolling of community control sanctions; however, this would ignore the unambiguous language of R.C. 2951.07. In that section, the legislature expressly provided that the community control "ceases to run" if the offender is confined in an institution. "Ceases to run" implies that the community control sanctions were implemented and being served before the offender is confined for the commission of any offense. Something cannot end unless first starting. Thus, in *Anderson*, we concluded that R.C. 2951.07 controls only after an offender begins serving his community control sanctions; it does not affect how those sanctions are imposed. *State v. Criss*, 55 Ohio App.3d 238,

**{¶11}** It necessarily follows that Walker could not have violated the community control sanctions imposed in the weapon case in 2014, two years after the stated term of the sanctions expired. His current prison sentence in that case must be vacated as being void. A trial court lacks authority to find a violation occurred on an expired sanction.

**{¶12}** Finally, with respect to the burglary case, the state presented two arguments in favor of affirming the sentence imposed therein: (1) that res judicata precludes Walker from challenging his void sentences; and (2) that Walker cannot retroactively apply our en banc *Anderson* decision because Walker failed to directly appeal his original conviction. The state's reliance on the doctrine of res judicata is misplaced, and further, implicit within that doctrine is the concept that courts generally avoid retroactive application of new law.

**{¶13}** In *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, ¶ 13, it was held that "[i]f a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can be challenged on direct appeal or by collateral attack." Thus, Walker's failure to appeal his 2010 convictions or challenge the validity of the sentence is irrelevant. The *Holmes* rationale was recently affirmed in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 1. "[W]hen the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at

---

563 N.E.2d 727, 728 (8th Dist.1988); *Columbus v. Todd*, 74 Ohio App.3d 774, 778, 600 N.E.2d 727 (10th Dist.1991); *Anderson* at ¶ 24.

any time, on direct appeal or by collateral attack.'" *Id.* at ¶ 22, quoting *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 30.

{¶14} That is precisely what Walker attempted; he collaterally attacked his void sentences by filing motions to vacate in both cases. If the defendant in *Williams* was permitted to appeal his sentence as being void after a significant number of appellate opportunities, including 18 postconviction-relief filings (*id.* at ¶ 71), there is no reason to deny Walker one opportunity to review his sentence claimed to be void under our *Anderson* analysis. A trial court always has jurisdiction to correct a void judgment.

{¶15} With respect to the retroactive application issue, the state overlooks the limitations of the black letter law that new judicial decisions are not to be applied retroactively to a "final conviction." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. It is important to distinguish final convictions from void ones. A void sentence is never considered a "final conviction"; it can be attacked at any time so that changes in the law necessarily apply. *Williams* at ¶ 22. It is for this reason that trial courts must take care in fashioning sentences that are authorized by law; the failure to do so erodes finality.

{¶16} Further, if we were to follow the state's reasoning, the decision would implicitly conflict with the conclusion reached in *Slaughter,* 8th Dist. Cuyahoga No. 104391, 2017-Ohio-387 (defendant successfully appealed a violation of community control sanctions, originally imposed before *Anderson*), and *Hatcher,* 8th Dist. Cuyahoga No. 104780, 2017-Ohio-109 (appeal from the denial of a motion to vacate a void

sentence), and would also place this district at odds with the Twelfth District — *State v. Ervin*, 12th Dist. Butler No. CA2016-04-079, 2017-Ohio-1491 (following the rationale advanced in *Anderson* as applicable to a 2010 conviction). Given the limited nature of the state's argument, we decline to create such a conflict.

{¶17} A trial court is devoid of any authority to impose consecutive terms of community control sanctions, and therefore, such sentences are void ab initio and can be collaterally attacked at any time. The trial court never possessed statutory authority to impose the community control sanctions to be served consecutive to a prison term in the burglary case. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 10 (courts have no inherent authority to create sentences and must apply sentencing laws as written). Typically, this would result in a remand for a new sentencing in the burglary case.

{¶18} However, our conclusion that there could never have been a violation of the community control sanctions imposed in the weapon case in 2014 voids the two-year prison sentence and complicates the disposition of this appeal. In 2014, Walker was sentenced to three years of prison in the burglary case, with 497 days of time served. The state concedes that in this situation, Walker has completed the sentence in the burglary case. Regardless of our conclusion that the sentence imposed in the burglary case was void, Walker has served the resulting prison sentence. A remand to resentence Walker to the three-year prison term would serve no purpose. In light of the unique circumstances presented, we remand with an order for the trial court to immediately

release Walker from the burglary sentence. We further vacate the violation of sanctions in the weapon case because the trial court was without jurisdiction to impose a violation upon an expired sanction.

{¶19} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY