[Cite as *Walker v. State*, 2021-Ohio-843.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DONNIE WALKER, JR.,                    :

    Plaintiff-Appellant,          :

                                 No. 109450

    v.                            :

STATE OF OHIO,                         :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 18, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914225

---

### *Appearances:*

Donnie Walker, Jr., *pro se.*

Dave Yost, Ohio Attorney General, and Tracy L. Bradford,
Senior Assistant Attorney General, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant, Donnie Walker, Jr., appeals from the trial court's judgment granting the motion of defendant, state of Ohio, for judgment on the pleadings and dismissing his complaint for declaratory judgment pursuant to R.C. 2305.02 and 2743.48 that he is a wrongfully imprisoned individual. We affirm.

## I.  Factual Background and Procedural History

{¶ 2}   In the fall of 2010, Walker pleaded guilty in three cases.  In CR-19-536783, he pled guilty to attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1), a third-degree felony (the "felonious assault case").  In CR-09-526641-B, he pled guilty to burglary in violation of R.C. 2911.12(A)(2), a second-degree felony (the "burglary case"); and in CR-09-526893-A, he pled guilty to having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony, and receiving stolen property in violation of R.C. 2913.51(A), also a third-degree felony (the "weapons case").

{¶ 3}   On October 13, 2010, the trial court sentenced Walker to three years' incarceration in the felonious assault case.  The court sentenced him to two years of community control sanctions in the burglary case, to be served consecutive to the prison term in the felonious assault case.  The court ordered that Walker serve the three-year prison term first, followed by the two-year term of community control. In the weapons case, the trial court sentenced Walker to two years of community control sanctions, but did not specify whether the term of community control was to be served concurrent with or consecutive to the three-year prison term.

{¶ 4}   Walker served his three-year prison term and was released.  In 2014, he violated the community control sanctions in the burglary and weapons cases on four separate occasions.  In October 2014, the trial court terminated the sanctions and ordered Walker imprisoned for five years:  three years on the burglary case and two years on the weapons case, to be served consecutively.

{¶ 5} In 2016, Walker filed motions to vacate his sentence based on this court's decision in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), in which this court, en banc, held that "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment," *id.* at ¶ 31, and that as a result, any community control sanctions so imposed "are void as a matter of law."[1] *Id.* at ¶ 11. The trial court denied Walker's motions, and he appealed.

{¶ 6} On appeal, this court found with respect to the weapons case that because the trial court had not ordered the community control sanction to be served consecutive to, or to commence upon the completion of, the prison term in the assault case, the sentence was assumed to run concurrent with the prison term. *State v. Walker*, 8th Dist. Cuyahoga No. 105350, 2017-Ohio-7609, ¶ 7. This court held that "it necessarily follows that Walker could not have violated the community control sanctions imposed in the weapons case in 2014, two years after the stated term of the sanctions expired." *Id.* at ¶ 11. The court therefore vacated Walker's prison sentence in that case because it was void. *Id.*

---

[1] Recently, in *State v. Harper*, 2020-Ohio-2913, the Ohio Supreme Court clarified the distinction between void and voidable sentences. A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction of the accused. *Id.* at ¶ 42. When the sentencing court has jurisdiction to act, sentencing errors render the sentence voidable, not void, and the sentence may be set aside if challenged on direct appeal. *Id.*

{¶ 7} Regarding the burglary case, this court held that in light of *Anderson,* the trial court had no statutory authority to impose community control sanctions to be served consecutive to the prison term on the assault case, and the sentence was therefore void. *Id.* at ¶ 17. The court recognized that although typically a sentencing error requires a remand to the trial court for resentencing, it would "serve no purpose" to remand for resentencing because Walker had already served the three-year prison term imposed for violating the community control sanction. *Id.* The court vacated the sanctions violation and remanded with an order that the trial court immediately release Walker from prison. *Id.*

{¶ 8} On April 22, 2019, Walker filed a pro se complaint requesting that he be declared a wrongfully imprisoned individual pursuant to R.C. 2743.48 for his incarceration from October 9, 2014, to October 20, 2017, on the sanctions violations. The state answered the complaint. The trial court subsequently held a case management conference at which it set dates for completion of discovery, the filing of dispositive motions, and trial. In its judgment entry regarding the conference, the court ordered that Walker was to obtain an attorney within 30 days of the judgment entry date or the court would consider him to be a pro se plaintiff, and that it would not consider any motions until the deadline for Walker to obtain counsel had passed.

{¶ 9} After the deadline passed, the state filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Walker filed a brief in opposition to the state's motion. The trial court granted the state's motion, and this appeal followed.

## II. Law and Analysis

### A. Judgment on the Pleadings

{¶ 10} In his first assignment of error, Walker contends that the trial court erred in granting the state's motion for judgment on the pleadings. The gist of Walker's argument is that he is a wrongfully imprisoned individual because he served three years in prison on void sentences.

{¶ 11} Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all the material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. We review a ruling on a motion for judgment on the pleadings de novo. *DiGorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 19.

{¶ 12} R.C. 2305.02 and 2743.48 create a two-step process whereby a person claiming wrongful imprisonment may sue the state for damages incurred due to the alleged wrongful imprisonment. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 72, 701 N.E.2d 1002 (1998). The first step, in the common pleas court, seeks a preliminary factual determination of wrongful imprisonment. *Id.* The second step, in the court of claims, provides for damages. *Id.*

{¶ 13} R.C. 2743.48(A) defines a "wrongfully imprisoned individual" as an individual who satisfies each of the following requirements:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:

(a) No criminal prosecution is pending against the individual for any act associated with that conviction.

(b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right nor upon leave of court * * *.

(c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal or reversal, has not brought a criminal proceeding against the individual for any action associated with that conviction * * *.

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the *Brady* Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person.

A claimant must demonstrate all five factors by a preponderance of the evidence before he or she can be declared a wrongfully imprisoned individual. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 11, citing *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, paragraph one of the syllabus. In this case, the trial court properly determined that Walker did not qualify as a wrongfully imprisoned individual because he does not satisfy all five factors.

{¶ 14} First, Walker does not satisfy the requirement of R.C. 2743.48(A)(2) that the individual was found guilty of but did not plead guilty to an aggravated felony, felony, or misdemeanor. Walker contends that he is a wrongfully imprisoned individual as a result of the prison sentences imposed on the burglary and weapons cases after he violated community control sanctions. But the record is clear that he pleaded guilty in both cases (as well as the assault case). "Under the plain language of R.C. 2743.48(A)(2), a person who has pled guilty to an offense is not eligible to be declared a wrongfully imprisoned individual." *Dunbar* at ¶ 19. Because Walker pleaded guilty, he cannot satisfy R.C. 2743.48(A)(2), and thus cannot qualify as a wrongfully imprisoned individual.

{¶ 15} Any argument that Walker satisfies R.C. 2743.48(A)(2) because the community control sanctions violations, which he did not admit to, are qualifying offenses under the statute is without merit. R.C. 2743.48(A)(2) is clear that an individual is a wrongfully imprisoned individual if they were wrongfully incarcerated for an aggravated felony, felony, or misdemeanor. Community control sanctions violations are not felonies, aggravated felonies, or misdemeanors, and

thus, the sanctions violations for which Walker was imprisoned in 2014 are not qualifying offenses under the statute. The qualifying offenses in this case are the burglary, having weapons while under disability, and receiving stolen property offenses, and because Walker pleaded guilty to these offenses, he cannot satisfy the requirement of R.C. 2743.48(A)(2) that "the individual was found guilty of, but did not plead guilty to * * * an aggravated felony, felony, or misdemeanor."

{¶ 16} Walker also does not satisfy R.C. 2743.48(A)(4), which requires that "the individual's conviction was vacated, dismissed, or reversed on appeal * * *." On appeal, this court did not vacate, dismiss, or reverse Walker's convictions for burglary, having weapons while under disability, or receiving stolen property, which, as discussed above, are the qualifying offenses for a determination of whether Walker is a wrongfully imprisoned individual.

{¶ 17} And even if the community control sanctions violations were the qualifying offenses, Walker still does not meet the requirements of R.C. 2743.48(A)(4) because although this court vacated the violation of sanctions and prison sentence in the weapons case, it did not vacate, dismiss, or reverse Walker's community control sanctions violation in the burglary case. *Walker*, 8th Dist. Cuyahoga No. 105350, 2017-Ohio-7609 at ¶ 11, 18. This court held that "the sentence imposed in the burglary case is void," *id.* at ¶ 18, and remanded with an order for the trial court to immediately release Walker, but did not vacate the trial court's finding that Walker had violated the community control sanctions imposed in that case. *Id.*

{¶ 18} Finally, Walker does not satisfy R.C. 2743.48(A)(5), which requires that "subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered * * * that involved a violation of the *Brady* Rule * * * and that resulted in the individual's release, or it was determined by the court of common pleas * * * that the offense of which the individual was found guilty * * * either was not committed by the individual or that no offense was committed by any person." Here, the error did not involve a *Brady* Rule violation, and Walker offered no evidence that he did not commit the charged offenses, presumably because he pleaded guilty to those offenses.

{¶ 19} Because Walker cannot satisfy all five factors set forth in R.C. 2743.48(A) to be declared a wrongfully imprisoned individual, the trial court did not err in granting the state's motion for judgment on the pleadings.

{¶ 20} Although it is understandable that Walker believes he was wrongfully imprisoned from 2014 to 2017, it is important to recognize that his case began in 2010, when he pleaded guilty in the burglary, weapons, and assault cases. In the burglary case, he pleaded guilty to violating R.C. 2911.12(A)(2), a second-degree felony, and faced a possible prison term of two to eight years. *See* R.C. 2929.14(A)(2)(a). On the attempted felonious assault charge in violation of R.C. 2903.11 and 2923.02, a third-degree felony, he faced an additional 9 to 36 months of incarceration. *See* R.C. 2929.14(A)(3)(b). In the weapons case, he faced an additional 36 months' incarceration on the charge of having weapons while under disability in violation of R.C. 2923.13, a third-degree felony. *Id.* And on the charge

of receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony, Walker faced an additional 6 to 18 months' incarceration. *See* R.C. 2929.14(A)(4). Thus, if the trial court had sentenced Walker to the maximum term on all the charges, and ordered the sentences to be served consecutively, he could have been incarcerated until the year 2026, well past his release in 2017.

{¶ 21} It is also important to recognize that Ohio's wrongful imprisonment statutes are intended to compensate the individuals who are "truly innocent" of the crimes of which they have been convicted, not to compensate those who merely avoided criminal liability. *State v. Walden*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989); *Brown v. State*, 6th Dist. Lucas No. L-05-1050, 2006-ohio-1393, ¶ 21. Walker is not innocent of the charges in the burglary and weapons cases for which he was sentenced to prison in 2014; he unquestionably committed — indeed he pled guilty to — burglary, having weapons while under disability, and receiving stolen property. Thus, he is not an individual that Ohio's wrongful imprisonment statutes are intended to compensate, despite the trial court's sentencing error.

{¶ 22} The first assignment of error is overruled.

### B. Alleged Errors at the Case Management Conference

{¶ 23} In his second and third assignments of error, Walker asserts that various violations of Rule 21 of the Local Rules of the Cuyahoga County Common Pleas Court, General Division, occurred at the case management conference, including that the trial court erred in allowing the state to substitute counsel immediately before the conference without giving him sufficient notice, and that the

court's staff attorney improperly spoke with the state's counsel before the conference about the state's intention to file a motion for judgment on the pleadings. Walker raises these issues for the first time on appeal; there is no indication in the record that he ever raised these issues in the trial court.

{¶ 24} It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate purposes. *Miller v. Cardinal Care Mgmt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr. L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383 (8th Dist.) (appellate courts "will not consider a question not presented, considered, or decided by a lower court"). Thus, we will not consider these arguments for the first time on appeal. The second and third assignments of error are overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR